Dill and others *vs.* Jones.

| 2 | 79 |
|---|---|
| d105 | 173 |
| 2 | 79 |
| a111 | 558 |

No. 11.—John Dill, James Buchannon, and Simeon Greene, plaintiffs in error *vs.* Gabriel Jones, defendant in error.

[1.] Where there has been a judgment entered up against the securities on the appeal in the Court below, they should be made parties plaintiffs to the writ of error; and, if they are not so made parties, the writ of error will be dismissed.

Motion to dismiss writ of error.

The case brought up by this writ of error was tried in Randolph Superior Court, on an appeal before Judge Warren, at October Term, 1846, and resulted in a judgment against the appellants and their securities on the appeal; all of whom, except one of the securities, were joined in the writ of error as plaintiffs.

For the grounds of the motion to dismiss, and other particulars of the case, see the decision of the Supreme Court.

Sturgis, Jones, Caruthers, Kiddoo and Taylor, for plaintiffs in error.

Brown & Bower, for defendant in error, in support of the motion to dismiss, cited, 1 *Ala. R.* 27, 275, 285, 208; 3 *Com. Dig.* 268; 3 *Day R.* 144.

Dill and others *vs*. Jones.

*By the Court*—WARNER, J. delivering the opinion.

In this case, John Dill, James Buchannon, and Simeon Greene security on the appeal in the Court below, sued out their writ of error returnable to this Court, against Gabriel Jones, defendant in error.  The counsel for the defendant in error now moves the Court to dismiss the plaintiffs' writ of error, on the ground of the *nonjoinder* of Abner W. Jones, a co-defendant in the judgment of the Court below.  It appears, from an inspection of the record, that Simeon Greene and Abner W. Jones were securities on the appeal in the Court below, and that judgment has been regularly entered up against them as such securities.  Simeon Greene is made a party plaintiff in the writ of error, but Abner W. Jones is [1.] not made a party plaintiff; and the question now made is, whether he ought not to have been made a party plaintiff in this Court.  Mr. Tidd, in his valuable book of Practice, states the rule to be; "on a judgment against several parties, the writ of error must be brought in all their names, provided they are all living and aggrieved by the judgment; for otherwise this inconvenience would ensue, that every defendant might bring a writ of error by himself, and by that means delay the plaintiff from his execution for a long time."  *Tidd Prac.* 1053.

In *Swift* vs. *Hill*, 1 *Porter R.* 277, the judgment in the Court below was rendered against Swift, and one William Harris his security, on an appeal bond.  The writ of error was prosecuted in the name of Swift alone, and the defendant insisted for this cause, the writ should be quashed.  Chief Justice Saffold, who delivered the opinion of the Court, said: "*both defendants in the judgment* should have been made parties to the writ of error; the same not having been done, the writ must be quashed."

By the Act of 20th December, 1826, *Prince Dig.* 461, the plaintiff is authorized to enter up judgment against the security on the appeal as well as the principal, and execution may issue against either, or both, at the option of the plaintiff, until he is satisfied.  The security on the appeal, would also be liable for the ten per ct. damages, provided there was no certificate, as provided by the Act of 1845 organizing the Supreme Court.

We are therefore of the opinion, Abner W. Jones was directly interested in the decision of this Court to be made in the case brought before it, by the writ of error, and that he ought to have been made a party plaintiff thereto; which not having been done, the writ of error must be dismissed.