| Morris *vs.* Wiley, Parish & Co. |
| --- |

No. 43.—JAMES MORRIS, plaintiff in error *vs.* LEROY WILEY, PARISH, & Co. defendants in error.

[1.] In a writ of error on a judgment against an appellant, and his security on the appeal, both must be joined.

Motion to quash the writ of error.

The plaintiff in error was claimant and appellant in the case in the Court below. The case was tried on the appeal before Judge WRIGHT, in Murray Superior Court, September Term, 1846, and resulted in a judgment against the plaintiff in error and his security on appeal. In the course of the trial below, several exceptions were taken to the decision and charge of the Circuit Judge, and the plaintiff in error sued out this writ alone, omitting to join with him in the writ his security on the appeal. This omission is the ground of defendants' motion to quash.

TRIPPE, for the plaintiff in error.

HANKS & AKIN, for defendants.

*By the Court*—LUMPKIN, J. delivering the opinion.

A preliminary motion is made to quash this writ of error [1.] for want of proper parties. Upon the authority of Dill and others *vs.* Jones, decided at Talbotton in January last, this application must be sustained. In that case there were two sureties, one of whom had been joined and the other omitted; and the rule was, for the plaintiff to show cause why the writ should not be quashed, either on account of the *mis*-joinder or *non*-joinder of the proper parties. The point was fully discussed, and, after taking time to consider, the Court made the rule absolute and dismissed the writ, because of the *non*-joinder of all the parties. Subsequent reflection and research have satisfied us of the soundness of the judgment then rendered.

That all the parties, whether plaintiffs or defendants, must join in a writ of error, is a position abundantly settled by the courts.

In *Deneale and others* vs. *Stump's executors*, 8 *Peters R.* 526, Chief Justice Marshall says: "The present writ of error is brought by

Mary Deneale 'and *others*,' as plaintiffs; but who the others are cannot be known to the Court, for their names are not given in the writ of error, as they ought to be. Mary Deneale cannot alone maintain a writ of error on this judgment, but *all the parties must be joined.* The present writ of error must therefore be dismissed for irregularity."

In *Cook* vs. *Conway,* 3 *Dana R.* 454, the Court of Appeals of Kentucky, held, that all the defendants to a joint judgment must be parties to a writ of error to set it aside.

In *Shirley* vs. *Lunenburg,* 11 *Mass. R.* 379, the Supreme Court of Massachusetts held, that all the plaintiffs or defendants in an original suit, who are alive, must join in a writ of error, and this must be done, even if some of them should choose to abide by an erroneous judgment; and a summons and severance will take place of such as choose not to prosecute the suit.

A series of adjudications in the neighbouring State of Alabama, have established the same principle. *Swift* vs. *Hill,* 1 *Porter R.* 277; *Jameson* vs. *Collum,* 1 *Stew. & Port. R.* 253; *Tombeckbee Bank* vs. *Freeman, Minor R.* 285; *Eastland* vs. *Jones, Minor R.* 275. The case last cited is very similar to the one under review. A suit had been instituted before a Justice of the Peace by Jones & Stephens *vs.* Eastland; judgment was given in favour of the plaintiffs; Eastland appealed to the Circuit Court, and one William D. Wallace became bound with him in the appeal bond. The Circuit Court affirmed the judgment of the Justice of the Peace, and rendered judgment pursuant to the statute, against both Eastland and Wallace his security. Eastland sued out a writ of error in his own name to reverse the judgment of the Circuit Court, and a motion was made to quash the writ of error on the ground of the nonjoinder of Wallace. It was contended for the plaintiff in error, that as Wallace was not an original party, and only came in as security, the writ was properly sued out in the name of Eastland alone. But the Court, in its opinion, declared the rule to be well settled, that all the parties in interest who were to be affected by the proceeding, and who were parties to the case below, should join in the writ of error.

In England, as well as in our own country, from the earliest reported cases, the same doctrine has been uniformly maintained. *Roll Abr.* 747; *Dyer* 89; *Hacket* vs. *Herne, Carth. R.* 7; *Walter* vs. *Stokal,* 1 *Ld. Ray. R.* 71; *Brewer* vs. *Turner,* 1 *Str. R.* 233; *Knox* vs. *Costello,* 3 *Burr R.* 1789.

Morris *vs.* Wiley, Parish & Co.

So much for precedent; then as to the reason of the thing. The act creating this Court, 1 *Kelly's R. p.* VIII, declares that "if the decision and judgment below be for any sum certain, and be affirmed in the Supreme Court, the plaintiff may in the Superior Court enter judgment against the defendant and his securities for the amount of principal, interest and costs, as shall have been conferred or found by a jury, and *ten per cent. damages on the principal sum*, and have execution immediately, unless one or more of the judges shall certify that in his or their opinion such cause was not taken up for delay only."

How important therefore, that every person to be directly affected in his interests or rights by the ultimate judgment of this Court, be made a party and have an opportunity of being heard. Nor can one of several parties be subjected to the hardship and loss of being deprived of his writ of error because the others refuse to join in it; one may sue out a writ of error in the name of all, and if the others refuse to join in the prosecution, they may be brought before this Court and severed at their own request, after which, he or they who sued out the writ of error may go on alone. In this manner all inconvenience may be avoided, justice administered, and the harmony and conformity of the record preserved.    The cases cited from Alabama and elsewhere, are precedents in support of this process of summons and severance, as well as upon the main question involved.

I have not had an opportunity of reading the opinion of this Court, in the Talbotton case, since it was written out by my brother Warner. In my attempt to fortify the judgment then rendered, I may have travelled over the same ground occupied by my colleague. We are of the opinion, that one plaintiff or defendant *alone,* where there are several to the judgment below, whether as original parties or sureties, cannot prosecute a writ of error, and that this writ should be quashed.