No. 52.—JAMES LONG and others, plaintiffs in attachment, and plaintiffs in error *vs.* KINCHEN STRICKLAND claimant, and defendant in error.

[1.] The security to the appeal bond in the Court below must be made a party to the writ of error.

[2.] The writ of error may be amended so as to include such security, but only upon the production to the Court of the written consent of such security, together with a waiver of the notice to which he is entitled.

From Madison Superior Court. Attachment against Barkley Sims, in which the defendant in error was claimant of the property levied on under the attachment.

It appeared that the cause was tried in the Court below on the appeal, and that Richardson Hancock, one of the securities to the appeal bond was not made a party to the writ of error.

Motion to dismiss writ of error on this ground.

COBB, for plaintiffs in error.

MITCHELL, for defendant in error.

Fish *vs.* Chapman & Ross.

*By the Court*— WARNER, J. delivering the opinion.

In this case there was a motion to dismiss the writ of error, on the ground that Richardson Hancock, one of the securities to the appeal bond in the Court below was not made a party. This ques- [1.] tion was settled by this Court in the case of John Dill et al. *vs.* Gabriel Jones, 2 *Kelly,* 79, and re-affirmed in the case of James Morris *vs.* Wiley Parish & Co. *Ib.* 287.   In both of those cases we held, for the reasons therein stated, that the security on the appeal bond in the Court below, was a necessary party to the writ of error in this Court, and that is to be considered as the established rule of this Court from which we do not consider ourselves at liberty to depart.   The writ of error may be amended, but in our judgment [2.] there should be produced to the Court the *written* consent of the party whose name is sought to be introduced, together with a waiver of the notice to which he is entitled, which the party moving the amendment in this case has failed to exhibit to the Court. Let the writ of error therefore be dismissed.