IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT HAWKINSVILLE,

### JUNE TERM, 1851.

Present—JOSEPH H. LUMPKIN, ⎫
HIRAM WARNER, ⎬ Judges.
EUGENIUS A. NISBET, ⎭

---

No. 1.—EDWARD CAREY, assignee of the Bank of Columbus, plaintiff in error, *vs.* JOHN M. GILES, receiver of the Bank of Macon, defendant.

[1.] It is not necessary to embody in the bill of exceptions, the questions propounded to a witness in interrogatories, as well as the answers, unless the answers are unintelligible without them.

[2.] Documentary evidence, upon which no exception is founded, and which is not necessary to the elucidation of any ground of error taken in the bill, need not be embraced in the bill.

[3.] Documentary evidence which is appended to a bill in Equity, or an answer, as an exhibit, and which is, therefore, a part of the record, and must come up under the certificate of the Clerk, need not be embodied in the bill of exceptions.

[4.] Documentary evidence which is referred to and described in the bill of exceptions, and copies of which are appended to the bill of exceptions as exhibits, and which exhibits are certified to be true, by the presiding Judge, need not be embodied in the bill of exceptions. The *better practice,* however, is to *copy them in the bill.*

[5.] When the ground of error is the judgment of the Court, on the sufficiency of a plea in bar of a former judgment, which plea in bar recites the former judgment in substance, and comes up with the record, under the

certificate of the Clerk, it is not necessary that such former judgment, or the record which contains it, should be embodied in the bill of exceptions.

[6.] All persons interested in the judgment sought to be reviewed, must be made parties to the writ of error, and in the order in which they stand in the record below. When, therefore, one of two or more defendants, against whom a decree has been rendered, brings a writ of error to reverse it, it is necessary for him to join his co-defendants, as plaintiffs in error; and upon the trial they may unite with him, and assign error against the decree, or they may sever and be heard in defence of the decree.

[7.] And if such plaintiff in error has failed to make his co-defendants parties plaintiffs to the writ of error, they may be added by motion, without delay or cost, with the same privilege of assigning errors or severing.

Motion to dismiss writ of error. For a statement of the facts, see next case.

S. T. BAILEY and McDONALD, for the motion.

POE and CHAPPELL, *contra.*

*By the Court.*—NISBET, J. delivering the opinion.

Upon looking into the record, we find that there was some evidence to sustain the verdict rendered for the complainant, the *receiver of the Bank of Macon,* and therefore, we rule at once, in accordance with numerous adjudications heretofore made, that we will not entertain the ground taken for a new trial in the Court below, and now insisted upon, to wit: "that the verdict was contrary to evidence." So ruling, none of the evidence which the protest in the joinder of the issue claims to be omitted in the bill of exceptions, can become necessary to elucidate or to adjudicate that ground.

The protest claims, that the writ of error shall be dismissed upon two grounds—1st. Because a brief of the oral, and copy of the written evidence given in the Court below, are not embodied in the bill of exceptions; and 2d. Because none of the co-defendants (*Towns and others*) of Edward Carey, the assignee of the Bank of Columbus, are made plaintiffs in error with the

Carey *vs.* Giles.

said Carey in the writ of error, or in the assignment. Under the first ground, there are several specifications. ·

[1.] And 1st. It is said, that the *questions* propounded to the witness, J. L. Jones, who was examined by commission, are not embodied in the bill. The *answers* of the witness are there. There is but one contingency upon which it would be necessary to insert in the bill the questions as well as the answers of the witness, and that is, where the answers are unintelligible without them. That is not the case in this instance.

[2.] The appointment of John M. Giles receiver of the Bank of Macon, is not embodied in the bill. It was not necessary to embody it, because no one of the exceptions grew out of this piece of evidence; nor is it at all necessary to the elucidation of any one point of error taken.

[3.] An account current between the Bank of Macon and the Bank of Columbus, is not in the bill. It is a sufficient reply to this ground of protest, that the account current referred to, is appended to the answer of the Bank of Columbus as an exhibit, and comes here with the record. Being a part of the record of the case, it is obliged to come up with the balance of the record. These things being so, there was no necessity to make this paper a part of the bill.

[4.] It is protested that the schedule of notes transferred by the Bank of Macon to the Bank of Columbus, to set aside which transfer, the bill was filed, and the receipt of Seaborn Jones, the President of the Bank of Columbus thereon, are not embodied in the bill of exceptions. The statement which the bill makes about this schedule and receipt is, that the complainant in the bill below, offered in evidence, " a receipt of Seaborn Jones, President of the Bank of Columbus, to L. Atkinson, Cashier of the Bank of Macon, for the notes in controversy, a copy of which is hereto annexed, marked exhibit B."

The rule requires, that a *copy* of the documentary evidence shall be embodied in the bill of exceptions. This paper is clearly material; and it is also clear, that the rule has not been literally complied with.

But we think the rule has been substantially complied with.

The paper is referred to in the bill, and described in general terms, as the receipt of Seaborn Jones, President of the Bank of Columbus, to L. Atkinson, Cashier of the Bank of Macon, for the notes in controversy; and the bill of exceptions states that a copy of the same is annexed to it, as an exhibit, marked B. and the presiding Judge certifies, not only in the usual form, that the bill of exceptions is true, and consistent with what transpired in the cause before him, but that the exhibits attached thereto, are true also. He says, "I certify that the foregoing bill of exceptions *with the exhibits* attached thereto, is true and consistent with what transpired before me in the cause." The certificate of the Judge identifies the exhibit, that is, the receipt of Seaborn Jones, as the paper which was offered in evidence on the trial. This we think sufficient; it is a compliance with the rule.

What difference is there between writing a copy in the body of a bill, and describing the paper and appending a copy to the bill, which copy is before the Judge, and to which he certifies? In the latter case, it receives the sanction of the Judge, as a part of the bill, and comes to us with his authentication. The same things, and no more, are true in the former case. It is not safe or wise, on motions to dismiss a writ in this Court, the effect of dismission being to shut its doors forever against the party who believes himself aggrieved in the Court below, to adhere too closely to the letter. The objection to this whole matter is, that there is no certainty that the paper which the Judge inspected, and to which he certified, is the paper which appears before us. It is said, that another and different paper may have been fraudulently substituted for the original exhibit. This is true, and to which these replies may be made: 1st. All the pleadings are liable to be altered by any officer of the Court base enough to do it, if, *in the bill*, this paper might be fraudulently altered. Perfect assurance and safety cannot be had. We are obliged to trust to the fidelity of officers in part. The penalty which the law imposes on official frauds, is also a guarantee of safety. But in this case, it is hardly possible that a fraudulent substitution could be made without detection, because the paper

is described in the bill, and if the exhibit should materially vary from the description, this Court would arrest the writ.

Again, the *same paper* we find with the record. A motion for a new trial being made in the Court below, a brief of the evidence certified by the Court, was filed under the rule. This brief contains this document, and the Clerk has sent it up with the record. The authenticity of the exhibit is thus made mani- fest. The brief of testimony filed below, on the motion for a new trial, is not a part of the record which the Clerk is required to send up. Hence, as we held in Milledgeville, when this brief appears with the record, that fact will not dispense with the same evidence being embodied in the bill. See *O. and A. Wetmore vs. John Chavers, at Milledgeville, in May,* 1851. *Vol. 9, Geo. R.*

The brief being sent in this case with the record, serves the purpose of identification, and no more. The bill of exceptions, on these views and facts, we hold sufficient, whilst at the same time, we should regret to see it grow into a precedent. The better plan, is always to insert all the testimony in the body of the bill. These remarks apply to the appointment of John M. Giles, receiver, and to the account current between the Bank of Macon and the Bank of Columbus; for these papers were re- ferred to in the bill, and copies appended as exhibits, and certi- fied to in the same way, by the presiding Judge.

[5.] It is claimed that the bill is defective, because it does not contain the record relied upon by the plaintiff in error, to support his plea in bar, which was overruled by the presiding Judge. A statement is here necessary, to make this ground of protest and our decision on it, at all intelligible. Fortunate will he be, who understands this record, with all the light that I can shed upon it, for it comes to us beyond measure confused. There had been a decree in the case, in favor of the receiver of the Bank of Macon. The assignee of the Bank of Columbus filed a bill of review, to which the receiver of the Bank of Macon demurred. The presiding Judge overruled the demurrer, and the judgment on the demurrer was pleaded in bar of the original bill filed by the receiver of the Bank of Macon. In this state of the pleadings and rulings, when the cause was called for a hearing, in April, 1851, and be-

fore going to the Jury, counsel for plaintiff in error objected to the complainant below going on, because, in the judgment awarded on his demurrer to the aforesaid bill of review, it had been determined that the Superior Court had no jurisdiction over the Bank of Columbus in the County of Twiggs ; and at the same time, claimed judgment on their plea in bar, that the complainant was barred from proceeding, by reason of the said judgment on the demurrer, it being still of record, unreversed. Upon this objection and claim, which I consider no more nor less, than a demand of judgment on the sufficiency of the plea in bar, thus filed by the assignee of the Bank of Columbus, the presiding Judge held that the matters insisted upon, would not prevent the hearing of the cause, and disallowed the plea in bar. To this ruling, the receiver of the Bank of Columbus excepted. Now the protest claims, that the record of the former judgment, relied upon then and there, in support of the plea in bar is not embodied in the bill, and that this is a fatal omission. It was not necessary to embody it in the bill. The question which the Court was called upon to decide, was the sufficiency of the plea in bar to estop the plaintiff in the bill. The plea sets forth the judgment on the demurrer, which it claims as a decision against the complainant below. That plea was before the Court below. Upon that it made its decision ; no evidence other than the plea and its recitals, was offered or considered. That plea, with its recitals, is a part of the record in the case, and has been certified to us, and for that reason it was not necessary to insert it, or the record of the judgment on the demurrer in the bill.

[6.] Our judgment is, that the 2d ground of protest is well taken, and must be sustained. We hold that H. H. Tarver and others, co-defendants with the assignee of the Bank of Columbus, to the bill of the receiver of the Bank of Macon, ought to have been made parties plaintiff in this writ of error. The rule is, that all persons who are interested in the judgment, must be made parties, and they must be made parties in the order in which they stand in the record. Are these defendants interested in the judgment sought to be reversed ? The Bank of Columbus being a creditor of the Bank of Macon, procured from that bank

Carey *vs.* Giles.

a transfer of certain notes in settlement; among them were notes made, or indorsed by these defendants. Suit was instituted by the Bank of Columbus on these notes, in Twiggs and other Counties, where the makers and indorsers resided. Pending that suit, the receiver of the Bank of Macon filed a bill against the Bank of Columbus, in Twiggs County, to set aside this transfer; to which bill, Tarver and the other makers and indorsers of the transferred notes, were made parties defendant. Injunction alone was asked and granted against them, to restrain them from paying these notes to the Bank of Columbus, or any body else. No prayer of any kind was made against them—no recovery was sought of them. Upon the last trial, verdict was rendered, and judgment had, in favor of the receiver of the Bank of Macon, against the Bank of Columbus, that the notes transferred be delivered to him, and that the Bank of Columbus pay to him some twenty odd thousand dollars. The object of this writ of error is to reverse this judgment.

This Court, when this cause was tried in 1848, held that these persons were proper parties to the bill filed by the receiver of the Bank of Macon, being, as we then thought, and now think, interested in the question, who was the rightful owner of their notes; (4 *Geo. Rep.* 571,) because they might have defences against them, in the hands of one of these litigants, which would not be good against them in the hands of the other. The final judgment being rendered in favor of the receiver of the Bank of Macon, and that bank declared the owner of the notes, we cannot say that they are not interested in it. For example, they may have off-sets which will be good against the Bank of Macon, and not good against the Bank of Columbus. They may have made a tender which is pleadable against the Bank of Macon, and not pleadable against the Bank of Columbus. The record discloses that they were heard in the trial, and evidence was introduced in their behalf—which we hold to have been proper, so far as to enable them to show who was in fact the owner of their notes, and no farther. They are, or may be, interested in affirming this judgment, and being interested,

ought to have been made parties, in order that they might have their day in this Court to be heard.

[7.] The question remains, Can they now be made parties, by an amendment to the writ? We are of the opinion that they can. The question depends upon a construction of our own Statutes. By the Act of 1847, the Legislature declared that it should not thereafter be necessary to make securities on appeal and upon injunction bonds parties, and that no writ of error should be dismissed or delayed in its hearing and decision, when the parties to the writ or declaration below are included in the writ. *Acts of* 1847, *p.* 81. By this Act, it is manifest, that the Legislature intended that all the parties to the writ or declaration below, should be made parties to the writ here. Before the Act of 1847, we had determined that securities on appeal and on injunction bonds, were necessary parties here. By the Act of 1850, *all bills of exceptions, writs of error and citations, are amendable without delay or cost, in conformity with the record or cause below. Acts of* 1850, *p.* 141. By this Act any thing is amendable. There is but one limitation to the power to amend, and that is the record. We cannot travel out of that to amend, but all defects are curable by amendment, when the amendment to be made is suggested by the record. (*See* 8 *Ga. Rep.* 318, 319.) It is said that the Act of 1850 does not extend to parties, but relates to defects in a writ well brought as to parties. The Legislature have made no such exception. The terms of the law are general. The Legislature intended, no doubt, that no cause should go from this Court for defective pleading. They have, in all their Acts relative to this Court, indicated a settled purpose, that the parties should be heard, and that at the first term. We have no right to say what the Legislature has not said, that a bill of exceptions, defective as to parties, may not be amended. If amendable at all, it is amendable by the Act of 1850, without delay. If the Act of 1850 did not so declare, we would have no power to delay a cause in order to amend; for the Constitution requires that all causes brought before this Court, shall be tried at the first term, unless continued for Providential cause. It is useless to talk about the mockery of adding parties here, on motion, with-

out giving them notice to appear. The Legislature directs us to amend withou*t delay* or *cost, and requires us to hear all cases at the first term.* We obey the laws—let the Legislature look to consequences. So far as these parties are concerned, they have, however, very little cause of complaint. The plaintiff in error now before the Court, could have used their names, and brought them here as parties plaintiffs, without their consent and without notice. They are now being made parties upon motion, in a condition very little worse than they would have been in had the plaintiff taken that course. In neither case has the law provided for notice to them, and in both cases they are presumed to know what are the public laws ; to know that under the laws they are liable thus to be made parties ; and in both cases their rights are the same ; that is, they can assign errors with the primary plaintiff, and co-operate with him in procuring the reversal of the judgment below, or they can sever and be heard in support of the judgment. It is their privilege to elect.