MAYNARD *vs.* HUNNEWELL, executrix.

| 65 | 281 |
|----|-----|
| 105 | 172 |
| 65 | 281 |
| 111 | 555 |

Where a verdict was rendered in favor of the plaintiff in a distress warrant, and a motion was made to enter up judgment for the eventual condemnation money thus found against the defendant and the securities on a replevy bond given by him, which was resisted on several grounds, issue formed, and a verdict returned in favor of the defendants, and the plaintiff excepted to certain rulings of the court, but served his bill of exceptions upon only one of the securities, the writ of error will be dismissed. To set aside the verdict and judgment as to one, leaving it standing in favor of the other, would work a discharge to him as to his liability to contribute if a final judgment should be obtained against the one served.

Practice in the Supreme Court.    Parties.    Service.
Before the Supreme Court.    February Term, 1880.

Reported in the opinion.

O. G. GURLEY; I. A. BUSH, by JACKSON & LUMPKIN,
for plaintiff in error.

B. B. BOWER, by E. C. BOWER, for defendant.

CRAWFORD, Justice.

A motion was made by counsel for defendant in error
to dismiss this case for want of proper service.

The case itself arose on a motion in the court below to
enter up a judgment upon a verdict which had been ren-
dered against the defendant in a distress warrant, against
the said defendant and his two securities on the replevy
bond for the condemnation money found in said verdict.
This motion was resisted upon several grounds; issues
were formed thereon, and upon the trial a verdict was
found for the defendants; the plaintiff being dissatisfied
with the rulings of the court and the verdict, excepted.

Service of the bill of exceptions was perfected upon
Mrs. Hunnewell, but none upon Thomas F. Hampton,
administrator, etc., who was her co-defendant, and whose
intestate was her testator's co-security on the replevy
bond.    This failure to serve the other defendant is fatal
to a hearing in this court.

The verdict and judgment on the trial of the issues
formed on the motion in the court below were in favor of
both defendants; their testator and intestate were co-
securities, with all the rights of contribution between
themselves; to set aside therefore the verdict and judg-
ment as to one, leaving it standing in favor of the other,
would work a discharge to him as to his liability to con-
tribute, if a final judgment should be obtained against

this defendant in error. Any act of a creditor which operates as a discharge to one security is such an injury to the other as to discharge him also, and the failure to make Hampton a party by the plaintiff in error leaves him discharged.

Independently of this the ruling in this case is supported by that of *Jordan vs. Kelly & Brothers*, decided at the last term, not yet reported, and *Curey vs. Hitch*, sol. gen. *et al.*, 57 *Ga.*, 197.

The case must be dismissed.