Crawford *vs.* Jones.

## CRAWFORD *vs.* JONES.

1. There was no error in the charge which would require a new trial and the jury having passed upon the conflicting testimony, this court will not interfere with their finding.
2. Where a defendant in bail-trover brings the case to this court, he is not compelled to make the security on his bail bond a party to the bill of exceptions.

New trial. Practice in the Supreme Court. Before Judge COBB. City Court of Clarke County. April Term, 1880.

Reported in the decision.

JACKSON & THOMAS, for plaintiff in error.

POPE BARROW; BROYLES & JONES, for defendant.

JACKSON, Chief Justice.

This suit was brought by Jones against Crawford for the recovery of a horse or damages therefor. Jones alleged

that the title to the horse did not pass out of him into Crawford, and Crawford alleged that it did pass. There was an exchange of possession of horses, Jones being possessed of Crawford's and Crawford of Jones', and the change of possession was for trial of the horses, as Jones contended, to see whether they would trade. Both hor-ses died before the trial of the case.

1. Taking the charge of the court altogether, we think that it presented the law of the case fairly and fully to the jury; the facts were passed upon by them; they gave forty dollars damages to the plaintiff, which was a sort of com-promise verdict between the litigants, and there is evidence enough to support it.

There are many grounds taken for a new trial in the motion, predicated on the charge as erroneous in several particulars; but we see no material error in it, none suffi-ciently grave to require that the verdict be set aside and a new trial granted.

No material error of law being made to appear to us from the record, and the testimony being conflicting but furnishing evidence sufficient to sustain the verdict, and the presiding judge being satisfied with it under our re-peated rulings, we do not interfere.

There was damage claimed by each party against the other in respect to his horse, but the jury passed upon it, and their finding must stand.

2. A motion was made to dismiss this case, on the ground that the security on the bail-bond was not made a party to the bill of exceptions; but it was the defendant who brought the case here, and in such case his security need not be joined in the bill of exceptions.

Judgment affirmed.