## HOGANS v. DIXON.

1. A security on a forthcoming bond in a bail-trover proceeding is not a necessary party to a writ of error brought by the plaintiff, assigning error in the ruling of the court dismissing plaintiff's action.

2. In a trover suit brought by summons in a justice's court, where the property is described as 75 cords of wood in the possession of the defendant, it was error for the court to refuse to allow plaintiff to amend the summons so as to describe with more precision the property sued for, and to dismiss the action on the ground of insufficiency in the description of the property.

Argued June 13, — Decided July 23, 1898.

Bail-trover—appeal. Before Judge Reese. Glascock superior court. August term, 1897.

Suit was brought in a justice's court to recover " 75 cords of pine wood of the value of $75." On appeal to the superior court, defendant moved to dismiss the case for want of sufficient description of the wood sued for. Plaintiff moved to amend the original summons and affidavit for bail, by describing the wood as " 75 cords of pine wood 4 feet in length, cut and corded near the Augusta Southern R. R. track about one mile and a half west of Gibson, Ga., on the land leased and held by the said plaintiff in Glascock county." The court refused to allow the amendment, and dismissed the case.

*K. J. Hawkins* and *T. W. Hardwick,* for plaintiff.
*B. F. Walker,* for defendant.

LEWIS, J. 1. A motion was made by counsel for the defendant in error to dismiss this writ of error, upon the ground that the security on the forthcoming bond given in the bail-trover proceeding was not served with the bill of exceptions, nor made a party defendant thereto. Parties to the litigation in

the court below who are interested in sustaining its judgment are necessary parties to a writ of error sued out to this court. Civil Code, § 5562. The security on this forthcoming bond can not be considered a party to the litigation that is the subject-matter of review in this case. His signature to the bond gave him no right to a hearing on a motion by the defendant to dismiss the plaintiff's case. The law imposes upon neither party the obligation of serving such security with notice of any pro· ceedings that might be had after the giving of the bond and before final trial. Should interrogatories, for instance, have been sued out by plaintiff, service upon the defendant alone would have been sufficient. The security could file no plea in answer to the plaintiff's petition in trover. It is true he was interested in the result of the suit. In the event of a verdict for the plaintiff, judgment could be entered thereon against the defendant, and also his surety. But not until the rendition of such a judgment, or at least until it is proposed to hold the surety liable by entering up such a judgment, can he become a party to this litigation. In *Crawford* v. *Jones,* 65 *Ga.* 523, it was held that where a defendant in bail-trover brings the case to this court, he is not compelled to make the security on his bail-bond a party to the bill of exceptions. We think the principle there decided necessarily controls the question now before us; for if it was unnecessary in a bill of exceptions by the defendant to make the security a party, it necessarily follows that such surety is an unnecessary party when the plaintiff brings his writ of error to this court. In *Maynard* v. *Hunnewell,* 65 *Ga.* 281, it was held that the sureties on a replevy bond given in a distress-warrant case were necessary parties to the writ of error. But it appears that the sureties had become parties in the litigation below by resisting a motion made by the plaintiff to enter up judgment for the eventual condemnation-money found against the defendant and the securities on a replevy bond given by the defendant. Issue was formed on this motion and objections filed thereto, and a verdict returned in favor of the defendants, that is, the principal and the sureties on his bond. The plaintiff excepted to certain rulings of the court, but failed to serve one of the sureties. The writ of error was accordingly dismissed. That rul-

ing was manifestly correct, for the sureties were unquestionably parties to that litigation. In *Dill* v. *Jones,* 2 *Ga.* 79, *Morris* v. *Wiley,* Id. 287, and *Long* v. *Strickland,* Id. 348, it was held, that where there had been a judgment entered up against the sureties on an appeal in the court below, they should be made parties plaintiff to the writ of error, and if they are not so made parties, the writ of error will be dismissed. Those cases, however, are to be distinguished from the case at bar and the one cited in 65 *Ga.* 523, in that judgment had already been rendered against the sureties on the appeal bond, and the court might properly have ruled that they had thus become parties to the litigation. The motion to dismiss the writ of error is, therefore, overruled.

2. We think the court erred in refusing to allow plaintiff to amend his summons and in dismissing the action for the want of a sufficient description of the property sued for. Even if the giving of the bail-bond was not a waiver of imperfect description of the property, as indicated by Chief Justice Simmons in his opinion in the case of *Farmers Alliance* v. *McElhannon,* 98 *Ga.* 394-6, we think the summons, if defective, contained enough upon which to predicate an amendment; certainly in view of the liberal and loose rules of law touching pleadings in a justice's court. No question as to the jurisdiction of the justice's court to entertain an action of trover was made in this case.

*Judgment reversed. All the Justices concurring.*