### 2664.　FORBES PIANO COMPANY *v.* HIXON.

1. After a plea of set-off is filed, the plaintiff can not dismiss his action so as to interfere with the plea, unless by leave of the court, on sufficient cause shown and on terms prescribed by the court. Civil Code, § 3754. A plea of set-off is a cross-action, and after it is filed the defendant is entitled to prove his case, and, if the evidence authorizes it, he is entitled to a judgment. A plaintiff can not defeat this right by dismissing the original action in vacation, nor can the court on its own motion dismiss or nonsuit the case, and thus deprive the defendant of the benefit of his cross-action. *Lewis* v. *Veal*, 70 *Ga.* 649.

2. The defendant having been served in the county in which the suit was filed, and having filed an answer pleading a set-off, without protest as to the jurisdiction of the court, and there being no evidence to the effect that the defendant was not a resident of that county, the plaintiff had no ground for dismissing its suit or for complaining of the judgment rendered.

3. It appearing that the plaintiff was notified that its case, in which the plea of set-off had been filed, had been set for trial upon the calendar for a certain day, and was, by the notice, informed that the defendant was insisting upon this plea of set-off, and it further appearing that neither the plaintiff nor its counsel (though the plaintiff had more than one attorney) was present to prosecute the action, and the only reason assigned by the plaintiff for failure to be present being the absence of one of its attorneys, and the showing for his absence being insufficient, *held*, that the trial judge did not err in proceeding with the trial, nor in refusing to grant a motion for a new trial, based upon the ground that a continuance should have been granted.

DECIDED JULY 5, 1910.

Complaint; from city court of Polk county—Judge Irwin. April 15, 1910.

*F. W. Copeland*, for plaintiff.

*J. L. Tison, W. H. Trawick, E. S. Ault*, for defendant.

RUSSELL, J. The E. E. Forbes Piano Company brought a suit against Hixon in the city court of Polk county for $528.46. To this petition the defendant filed a plea of set-off, admitting the plaintiff's claim, but exhibiting a larger counter-claim in his own favor, and asking a judgment against the plaintiff for the excess, amounting to $118.61. Attached to the plea was a statement in which there purported to be very minutely detailed every transaction between the plaintiff and the defendant during the period in which the defendant was employed by the plaintiff. The defendant's answer was filed June 19, 1909, and on December 11, 1909, the general manager of the plaintiff company undertook to have the suit dismissed, without the consent of the company's

attorneys, and, so far as appears from the record, without the knowledge of the court. The case coming on regularly for trial at the January term, 1910, the defendant testified to the correctness of the various items of the statement attached to his plea of set-off, and that the amount in excess of the plaintiff's demands, for which he asked judgment, was correct and due; and a verdict and judgment were rendered in his favor. Before the adjournment of the court the plaintiff filed a motion for a new trial, which was refused; and exception is taken to the judgment overruling the motion for a new trial.

It appears that the plaintiff not only did not have the consent of the defendant, which was essential, in order to enable it to dismiss the suit, but that it paid the costs and attempted to withdraw the action, without regard to the plea of set-off, without leave of the court, and over the protest of the attorneys who had filed the suit. Under the provisions of the Civil Code, § 3754, after a plea of set-off is filed, a plaintiff can not dismiss his action so as to affect the plea of set-off, unless by leave of the court, on sufficient cause shown, and on the terms prescribed by the court. While, therefore, the plaintiff had the right to dismiss the suit, or at least to abandon the hope of a recovery against the defendant, it could not prevent the defendant's recovering against it, unless the defendant failed to prove his claim or the plaintiff disproved it to the satisfaction of the jury. The court therefore did not err in proceeding with the trial, even after the attempt of the plaintiff to dismiss the action.

The court went to the trouble of having the plaintiff notified that the case had been set down for trial upon the calendar fixed for the January term. It was not required that this should be done. The counsel who filed the plaintiff's petition also notified its general manager that the case had been set for trial. And yet there was no appearance on the part of the plaintiff company, either by its general manager or any other representative of the company, or by either of its counsel. The contention is made that the court erred in refusing a new trial, because the case should have been continued on account of the absence of one of the attorneys. We do not think the court erred in not continuing the case. The court was not required to continue it on his own motion without any showing whatever. We do not say that there are not instances in

which it may sometimes be proper to give a case this direction, but certainly, under the facts appearing in this record, the trial judge did not abuse his discretion in not granting a continuance. The only reason given by the general manager for his absence is that one of his attorneys was unable to attend at that term of the court. The absence of the attorney did not afford any legal reason for the absence of the plaintiff's agent. He should have been present to supply the necessary proof as to the absence of his counsel, the fact that such counsel was employed, and to show the court why he could not safely go to trial in the absence of such counsel. The plaintiff had more than one attorney. Only the absence of the leading counsel would, in any view of the case, have required a continuance; and it was for the plaintiff in the first instance to let the court know upon which attorney he most relied. Certainly the absence of the attorney under the circumstances we have mentioned afforded no excuse for the absence of the client, and if it did, the court had no information upon the subject. Taking the affidavit of the plaintiff's attorney to be true, no reason is shown why the court was not informed of the facts to which the absence of counsel was due; and furthermore the facts stated did not present a sufficient reason for a continuance of the case, because it does not appear that Mr. Copeland (the absent attorney referred to) was the sole attorney, or that there was any reason why his presence was more necessary in Chattooga county court than in the city court of Polk county. We are clear that the judge did not err in overruling the motion for a new trial. The showing made authorized the inference that the plaintiff was so extremely negligent of its interests that it can not ask relief. The fullness with which the facts are stated, in connection with the rulings in the 2d and 3d headnotes, renders any further elaboration unnecessary.

           *Judgment affirmed.*