### 7895.  MORSE v. TURNER.

1. Where judgment is entered against the principal and the surety on a
   bail-bond given by the plaintiff in a suit in trover, the surety is not a
   necessary party plaintiff to a writ of error taken thereto.
2. Where in such a suit no process is attached to the petition or served
   on the defendant, and the defendant causes the dismissal of the suit
   on that ground, the court is without jurisdiction to enter up judgment
   against the plaintiff and the surety on the bond, for the value of the
   property sued for.

DECIDED JUNE 7, 1917.

Trover; from city court of Nashville—Judge Christian.  Octo-
ber 9, 1916.

*William Story,* for plaintiff.

*Hendricks, Mills & Hendricks,* for defendant.

JENKINS, J.  Morse sued out bail-trover against Turner, in the
city court of Nashville, praying for process, and filed his affidavit
requiring the defendant to give bond or produce the property.
The clerk of the court failed to attach process to the original peti-
tion or to the copy served upon the defendant; the bail affidavit
was attached to the original petition.. The sheriff served upon the
defendant a copy of the petition and of the affidavit for bail, the
defendant failed to give the bond required by law, and the sheriff
took charge of the property, and, upon the plaintiff making bond
required of him, delivered the property to him.  At a subsequent
term of the court, on motion of counsel for the defendant, the case
was dismissed, for the reason that there had never been a process
in the case, and a judgment was entered against the plaintiff in
the case, for $100 and costs.  Plaintiff excepted.

1.  A motion to dismiss the bill of exceptions is made upon the
ground that although judgment was entered in the court below
against both the principal and the surety on the bail-bond given
by the plaintiff in the suit in trover, yet the principal alone now ap-
pears as plaintiff in error in the exceptions taken thereto.  Under

the original practice which obtained in this State, every person who would be directly affected by the judgment of the Supreme Court was a necessary party to the writ of error. *Dill* v. *Jones,* 2 *Ga.* 79; *Morris* v. *Wiley,* 2 *Ga.* 287; *Long* v. *Strickland,* 2 *Ga.* 348. The statute approved December 22, 1847 (Acts 1847, p. 81), provided that "it shall in no case be considered as necessary to join with the parties to the suit in the superior court, carrying a case therefrom up to the Supreme Court, by bills of exceptions and writs of error, the security on appeal or on any injunction;" and that "no writ of error shall be dismissed or delayed in its hearing and decision, where the parties to the writ or declaration below are included in said writ of error." In *Carey* v. *Giles,* 10 *Ga.* 8 (7), it was said by Judge Nisbet: "By this act, it is manifest that the legislature intended that all the parties to the writ or declaration below should be made parties to the writ here." And in the opinion reference was made to the abrogation by this statute of the rule previously announced in the cases first cited, supra (2 *Ga.* 79, 287, 348). Following this legislation it was held in *John son* v. *Wilson,* 68 *Ga.* 290, that "Where a case is carried by appeal from the county court to the superior court, and from the judgment there a writ of error is taken by the appellant, the security on the appeal is not a necessary party in this court." In discussing this statutory enactment, Chief Justice Fish, in the case of *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551, 553 (36 S. E. 859), said that it "wrought no change in the rules of procedure save to provide that thereafter it should not be necessary to join in the writ of error securities on appeal or upon injunction bonds, but that such persons only as were formal parties to the pleadings in the lower court should be considered indispensable parties to a writ of error sued out to review a judgment therein rendered."

Omitting any reference to the provisions of statutes relating to the right of amendment by which parties could be added in the appellate court (since that question is not here involved), the remaining legislation upon the subject was the act of 1881, partly embodied in the Civil Code (1910), § 6176, which did not undertake to change the prevailing practice concerning a proper alignment of parties, save the one change declaring that "no party shall be considered as interested in the litigation in the Supreme Court who will not be affected by the judgment to be rendered in

that particular case, such as sheriffs upon a money rule," etc., and other like nominal parties. On the other hand it is likewise clear that interest alone on the part of a person who is not a party to the litigation does not necessitate his being made a party to the writ. *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629). Before the necessity shall exist for a person to be made a party here, he must have an interest in the result of the judgment to be rendered, and he must be an actual and not merely a nominal party to the litigation. The question, however, which now presents itself for our determination is whether the requirement that all the actual parties at interest be joined shall be held to include all who may properly be considered such by reason of the fact that judgment has been rendered against them, or whether this requirement relates only to the formal parties to the litigation, or (to use the language of Judge Nisbet) "all the parties to the writ or declaration below." In the headnote to the case of *Western Union Telegraph Co.* v. *Griffith,* supra, the rule is announced as follows: "All formal parties to the pleadings in the trial court are proper parties to a writ of error; though since the passage of the practice act of 1881, such of them only as will really be affected by the judgment to be rendered in this court are to be regarded as indispensable parties."

While it appears to be true that upon judgment being rendered against the surety on an appeal or trover bond, he is to be considered as a party to the litigation (*Hogans* v. *Dixon,* 105 *Ga.* 171, 31 S. E. 422), still, after giving the question our best consideration, we are brought to the opinion that under the statutory enactments and the decisions construing them, only those at interest who are formal parties to the litigation are to be taken as both proper and necessary parties to a writ of error. In the case of *Holmes* v. *Langston,* 110 *Ga.* 861 (3), 869 (36 S. E. 251), while it was recognized that upon judgment being rendered against the security he became a party to the case, the court said: "The relation of securities on a bail-bond in an action of trover to the suit is peculiar. They are bound by the judgment against their principal, but they do not become parties to the case until judgment is entered. If there is any law authorizing such securities to be heard in the case, we are not aware of its existence. Their liability is absolutely fixed by the judgment against their princi-

pal, and they must stand or fall by the result of his defense, such being the express undertaking in the bond. If judgment has been rendered against him by a court of competent jurisdiction, they are absolutely bound by it, and will not be heard to impeach or attack it in any way for causes which were or could have been matter of defense by their principal. See *Jackson* v. *Guilmartin,* 61 *Ga.* 544. After becoming securities on the bond they must remain silent witnesses to the conflict between the parties to the suit, standing ready to fulfill at the end of the litigation the obligation they have undertaken—to pay the judgment if the plaintiff elects to recover a money verdict, or deliver the property or pay damages in lieu thereof if an alternative verdict is rendered." In the case of *Kimbrough* v. *Pitts,* 63 *Ga.* 496 (6), it was held that a surety on a claim bond could not maintain a writ of error on appeal. In *Crawford* v. *Jones,* 65 *Ga.* 524 (2), it was held that "Where a defendant in bail-trover brings the case to this court, he is not compelled to make the security on *his* bail bond a party to the bill of exceptions." See also *Thomas* v. *Price,* 88 *Ga.* 533 (15 S. E. 11). In *Hogans* v. *Dixon,* supra, the court said, "A security on a forthcoming bond in bail-trover proceeding is not a necessary party to a writ of error brought by the plaintiff, assigning error in the ruling of the court dismissing plaintiff's action." In that case, however, the surety referred to was that of the defendant.

Counsel for the movant strongly insists that in the opinions rendered in the cases last cited, there are statements which inferentially sustain his position, and he contends that in the *Hogans* case, supra, the rule announced in the early decisions cited (2 *Ga.* 79, 287, 348, supra) is recognized as binding whenever it appears that judgment has been actually rendered against the security. But we can not think that the interpretation put upon the reasoning of the court in the *Hogans* case, where these early decisions were differentiated from the *Crawford* case, can be the correct one, since in the *Crawford* case there must have been a money judgment against the defendant and his surety, and the motion to dismiss was based upon the ground that the defendant's surety was not joined as a party plaintiff in error. The rule announced in these early decisions referred to was, both in *Carey* v. *Giles,* supra, and *Western Union Telegraph Co.* v. *Griffith,* supra, held to have been abrogated by virtue of statutory enactment. And whether or not

the act of 1847 was intended to have reference to sureties·on bail-trover bonds, the cases we have cited clearly show that the early rule as first announced docs not now apply in a case such as is now before us. It does not appear that the precise point now before us has ever been directly passed upon by the Supreme Court or by this court. In the case of *Fricker* v. *American Improvement Co.,* 124 *Ga.* 165 (52 S. E. 65), it appears that the application for the appointment of a receiver was refused by the trial judge upon the condition that the defendant give.bond with surety to pay to the plaintiff such sums as he might be chargeable with for the use of the property, should the plaintiff prevail. The bond was given, the plaintiff did prevail, and a decree was entered which included a judgment on the bond against the surety. The defendant alone excepted. A motion to dismiss was made on this ground, although in that case the surety asked, by way of amendment, to be made a party plaintiff in error. In passing upon this motion the court used the following language: "If it [the surety] was in fact a necessary party to the bill of exceptions, which we understand to be the point intended to be raised by the motion to dismiss, it could be added by amendment, from the record." While in that case it was not necessary for the Supreme Court to pass upon the question now presented, still the voluntary intimation there would seem to indicate the opinion held by the court. As shown by the reasoning in the case of *Holmes* v. *Langston,* supra, the surety is to be bound by the final judgment against him whether or not he becomes a party to the writ of error here, and it therefore does not appear that any injustice can result to the opposite party by .his failure so to appear.

2. As a general proposition, the procedure in the court below was in accordance with law; for ordinarily, where the plaintiff in a bail-trover proceeding has given the bond therein and on the trial fails in his suit, or where, either upon his own motion or upon that of the defendant, his petition is dismissed, the defendant is entitled, if he so elects, to a judgment against the plaintiff and his surety on the bond for the value of the property, and that without intervention of a jury. *Lauchheimer* v. *Jacobs,* 126 *Ga.* 261 (5) (55 S. E. 55); *Thomas* v. *Price,* supra; *Marshall* v. *Livingston,* 77 *Ga.* 21; *Underwood Typewriter Co.* v. *Veal,* 12 *Ga..App.* 11 (76 S. E. 645); *Kaufman* v. *Seaboard A. L. Ry.,* 10 *Ga. App.*

248 (73 S. E. 592). The reason is that the court, having both the property and the parties before it, has jurisdiction to do full justice and to make an end to the litigation. *Underwood Typewriter Co. v. Veal,* supra. But where, as in this case, the defendant refuses to submit to the jurisdiction of the court, on account of not having been served with process, and for this reason obtains the dismissal of the suit, we do not think that the court then has such jurisdiction of the parties and the subject-matter as would authorize it to make final determination of the case. Where no process is attached to the suit and such deficiency has not been waived, either in terms or by appearance or pleading, it is manifest that the court would have no jurisdiction to render judgment against the defendant. The appearance made by the defendant was special and for the sole and specific purpose of denying jurisdiction of himself by the court, and on this ground he obtained a dismissal of the suit. It therefore does not seem that, while denying that he was a party, he could maintain the suit in his own behalf under the bond given therein and recover a judgment thereon.

We do not think that any of the decisions which hold that the voluntary or involuntary dismissal of such a suit gives the right to the defendant to enter up judgment on the plaintiff's bond authorize such a procedure where the defendant, though within his rights, refuses to submit to the jurisdiction of the court and the suit is dismissed for that reason and on that specific ground. The code provides that process can be waived. Had the defendant desired to avail himself of the rights and benefits given him under the bail-bond as executed by the plaintiff, he could, by submitting to the jurisdiction of the court, have claimed for himself any right that he had thereunder. Nor do we think the case is altered by the fact that the plaintiff had given bond for the property, after the defendant had failed to do so, and was permitted by the defendant to take possession thereof under the proceeding. Counsel for the defendant in error contend in their able brief that this was such acquiescence by the plaintiff in the jurisdiction of the court as would estop him from denying the validity of the judgment rendered by it against him. It certainly would seem to be true that after rights had arisen to the defendant under the bond, the plaintiff could not have dismissed his suit even where process had not issued. without becoming liable on the bond. *Forbes Piano Co.* v.

*Hixon,* 8 *Ga. App.* 51 (68 S. E. 487). But the challenge to the jurisdiction of the court was made in this case not by the plaintiff, but by the defendant, who alone had the right to object to or to waive the defect caused by lack of process. It has been held, however, that the giving of such a bond by the defendant does not constitute a waiver of jurisdiction. *Hall* v. *Roehr,* 10 *Ga. App.* 379 (73 S. E. 550).

A familiar rule of law pertains to the right of the plaintiff to dismiss the action at any time so long as he does not thereby prejudice any right of the defendant; but after a claim by way of set-off is pleaded by the defendant, a dismissal is not allowed so as to interfere with a determination of the claim so set up. The reason of this rule is identical with that which does not allow a plaintiff in bail-trover to dismiss his suit after giving the bond therein without being liable thereon. But if, in a suit where a set-off is claimed, the defendant should first plead specially to the jurisdiction and cause the petition to be thereby dismissed, could he still proceed on his cross-action in such a proceeding? Manifestly such could not be the rule. Even where the suit is dismissed on general demurrer, it has been held that it can not be retained for the purpose of maintaining the plea of set-off. *Freeman* v. *Savannah Electric Co.,* 130 *Ga.* 449 (60 S. E. 1042). In the opinion in that case it was said, "The defendant can not put his adversary's case out of court and at the same time retain it in court." This court held, in the case of *Beach Lumber Co.* v. *Baxley Banking Co.,* 8 *Ga. App.* 252 (68 S. E. 946), "In any case where, through no fault of the plaintiff, there is an absolute failure to issue process, as also in a case where process may have issued, but, for some reason with which the plaintiff is not chargeable, there has been no service, it is within the power and discretion of the court to preserve the status of the case upon the docket, and to order the issuance of process, returnable to a future appearance term, and service thereof." In order to preserve the rights of all parties, let the status of the case on the docket be preserved and process be issued and service made, returnable to a future appearance term of the court.

*Judgment reversed, with direction. Broyles, P. J., and Bloodworth, J., concur.*