### 9935. FANNIN COUNTY *v.* DAVES.

The official bond of the former treasurer of the county did not impose upon his sureties any obligation with reference to the county funds received by him after his term of office from his successor, for which execution was issued by the ordinary against the principal and the sureties; and the affidavit of illegality, interposed by the surety in this case, was properly sustained.

DECIDED JANUARY 14, 1919.

Affidavit of illegality; from Fannin superior court—Judge Morris. May 31, 1918.

On September 3, 1917, an execution for $156.75 and interest was issued by the ordinary of Fannin county against M. K. McKinney, county treasurer for the years 1913 and 1914, and the sureties on his official bond as treasurer, the execution reciting that the said sum was due to the county as county money in his hands, collected for county purposes. Daves, one of the sureties, on whose property the execution was levied, filed an affidavit of illegality, in which it was alleged in substance that the execution was for money which McKinney, after he had ceased to be treasurer, received from his successor in office, Wheeler; and it was contended that the sureties

were not liable for money thus received; that if the money paid by Wheeler to McKinney was more than was due McKinney by the county, the remedy of the county was against Wheeler and the sureties on Wheeler's bond as treasurer, and not against sureties on the bond of McKinney. The judge of the superior court (who by agreement tried the case without a jury, upon an agreed statement of facts, set out in the following opinion), rendered a judgment sustaining the affidavit of illegality; and the county excepted.

*William Butt,* for plaintiff.

*Thomas A. Brown, B. L. Smith,* for defendant.

LUKE, J. 1. The following facts were set out in the agreed statement of facts: M. K. McKinney was elected county treasurer of Fannin County, Georgia, for the years 1913 and 1914. On January 1, 1913, he entered upon the discharge of the duties of that office, and discharged them for those years, going out of office December 31, 1914. He was succeeded on January 1, 1915, by R. H. Wheeler as county treasurer. The bond of McKinney as county treasurer was made payable to A. S. J. Hall, ordinary of said county, and his successors in office, and was signed and sealed by McKinney as principal, and by J. M. Daves and others as securities, as required by law. It was dated November 9, 1912, and was attested and approved by A. S. J. Hall, ordinary, on November 14, 1912, and was recorded in the office of the ordinary, together with the oath of office, as required by law. It recited that said M. K. McKinney was elected county treasurer for the years 1913 and 1914, and contained the following condition: "Now, the condition of the above obligation is such that if the said M. K. McKinney shall faithfully discharge all and singular the duties required of him by virtue of his said office as county treasurer of said county as aforesaid, during the time he continues therein or discharges any of the duties thereof, then the above obligation to be void; otherwise to remain in full force and virtue." It is agreed that this bond was a legal bond, required by law of county treasurers. On January 11, 1915, after McKinney had retired from office and while R. H. Wheeler was county treasurer, Wheeler, as such treasurer, signed and delivered to M. K. McKinney a check as follows: "The North Georgia National Bank, Blue Ridge, Ga., January 11, 1915. Pay to the order of M. K. McKinney, retiring treasurer, $336.08, three hundred thirty-six and 08/100

dollars, balance on commissions for 1914. R. H. Wheeler, county treasurer. No. 1." On the back of the check appears McKinney's indorsement. McKinney received the amount of the check out of county money collected for county purposes for the year 1914 and due to the county, and thus received $156.75 in excess of the legal fees and commissions due him as such county treasurer for the year 1914. No order authorizing the issuance of the check and the receiving of the said county money was issued by the ordinary of the county, and there does not appear upon the records or minutes of court in the office of the ordinary any order, writing, or statement which shows any final settlement between the County of Fannin and M. K. McKinney, as required by sections 586 and 587 of the Civil Code of 1910.

The court did not err in sustaining the affidavit of illegality. The agreed statement of facts shows that the money received by McKinney was not received by him as and while treasurer of the county, but was received after his term of office had expired and when his successor was discharging the duties of that office. The payment to him was the voluntary act of the county treasurer who succeeded him. The surety on the bond, Daves, is not, by reason of any obligation in the bond, liable to the county for the money thus received by his principal. See *McDonald* v. *Bradshaw, 2 Ga.* 248 (46 Am. D. 385) ; Civil Code (1910), §§ 291 (1), 3540.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*