## 23510. Lawrence v. Lee's Department Store.

Sutton, J. Plaintiff sued out an attachment against the defendant, a resident corporation, on the ground that the "defendant is actually removing or about to remove without the limits of the county; that defendant is removing its property from said county." The defendant replevied the property levied on. The case came on for trial and the court sustained the defendant's oral motion to dismiss the attachment "on the ground that said affidavit shows that defendant is a resident of Milledgeville, Georgia, and that a corporation can not remove itself from its residence without an amendment to its charter." The case proceeded to trial on the declaration filed, and a verdict was rendered in favor of the plaintiff and against the defendant, but the court refused judgment against the surety on the replevy bond. To the judgment dismissing the attachment and to the refusal of the court to allow judgment to be entered against the surety on the replevy bond the plaintiff excepted. *Held:*

1. A surety on a replevy bond given by a defendant in an attachment proceeding is not a necessary party to a writ of error brought by the plaintiff, assigning error on the ruling of the court dismissing the attachment and on the failure of the court to render a judgment against the surety on the replevy bond when it rendered a general judgment against the defendant in attachment, where it does not appear that the surety was a party in the proceedings below or resisted the attempt of the plaintiff to have judgment rendered against him in any way. *Planters Loan & Savings Bank* v. *Berry*, 91 *Ga.* 264 (18 S. E. 137) ; *Hogans* v. *Dixon*, 105 *Ga.* 171 (31 S. E. 422). In *Maynard* v. *Hunnewell,* 65 *Ga.* 281, it appeared that the sureties had become parties in the litigation below by resisting a motion made by the plaintiff to enter judgment against them on the bond. It follows that the bill of exceptions in this case is not subject to dismissal because the surety on the replevy bond was not made a party to the case in this court.

2. An attachment may issue against a debtor when he is about to remove beyond the limits of the county. Civil Code (1910), § 5055 (2). An affidavit which sets forth that the defendant is about to remove from the county is sufficient on its face and is good as against general demurrer. *Brooks* v. *Hutchinson*, 122 *Ga.* 838. If the debtor wishes to contest the truth of the affidavit in relation to the ground upon which the attachment issues, this may be done by traverse. Civil Code (1910), § 5106; *Alvaton Mercantile Co.* v. *Caldwell*, 34 *Ga. App.* 151 (128 S. E. 781). An oral motion to dismiss is in the nature of a general demurrer and admits the truth of the pleading against which it is directed. This case is different from the case of *Barbour* v. *Albany Lodge*, 73 *Ga.* 474, and other like cases, in that in those cases the affidavits were on their faces insufficient to support the attachments, and the court properly dismissed them on demurrer or oral motion to dismiss.

3. Such attachment proceedings were not subject to dismissal "on the ground that said affidavit shows that the defendant is a resident of Milledgeville, Georgia, and that a corporation can not remove itself from its residence without an amendment to its charter." A corporation is an artificial person and the provisions of section 5055 of the Civil Code

are applicable to corporation debtors as well as to individual debtors, *Mississippi Central R. Co.* v. *Plant*, 58 *Ga.* 167; *Parramore* v. *Alexander*, 132 *Ga.* 642 (64 S. E. 660).

4. As the court had dismissed the attachment, it was without authority to enter judgment against the surety on the replevy bond at the time it rendered a general judgment against the defendant on the declaration in attachment. *Burnette* v. *Johnson*, 38 *Ga. App.* 396 (144 S. E. 36).

5. Applying the rulings made in the second division of this opinion, the court erred in dismissing the attachment proceedings on the oral motion to dismiss.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 17, 1934.

*Sibley & Allen,* for plaintiff.
*Martin, Martin & Snow,* for defendant.