JACKSON *et al. vs.* GUILMARTIN & COMPANY.

After judgment in an action of trover, an execution was issued against principal and bail; the bail filed an affidavit of illegality on the following grounds: 1st, that the judgment was obtained on a forthcoming bond, without any service on the bail; that no writ, process, or summons ever issued against the bail; and that service was never waived, nor did said bail appear or plead; 2d, that the property, except two mules, mentioned in the forthcoming bond, was, by the principal, delivered to the sheriff, and by the latter sold, and the proceeds applied to the judgment; that the two mules died before judgment, without any fault or negligence of the principal or the bail; 3d, that the verdict was taken by consent of the principal, for a larger sum than was recoverable in the action by reason of the death of the said mules, and that this was done without the know-

ledge or consent of the bail; that the judgment entered on the verdict was contrary to law, etc. The court did not err in dismissing the affidavit of illegality.

Trover. Bail. Judgment. Practice in the Superior Court. Before Judge BARTLETT. Wilkinson Superior Court. April Term, 1878.

Report unnecessary.

F. CHAMBERS, for plaintiffs in error, cited Code, §§3419, 2150, 3028, 3563, 3564, 3828, 3594 ; 59 *Ga.*, 395, 799.

J. W. LINDSEY, for defendants, cited the same sections of the Code, and 33 *Ga.*, (supplement) 104 ; also Code, §§3077, 3079.

BLECKLEY, Justice.

Notice that the bail sought to resist the judgment by affi· davit of illegality, and that the sole question is, whether the court erred in dismissng the affidavit. Treating of "bail trover," §3419 of the Code declares, that " such security shall be bound for the payment of the eventual condemnation money, for which judgment may be signed up against the defendant and said security, and execution had thereon without further proceeding." The bail or security takes the fortunes of his principal, and is bound equally with him by the judgment in the main action. No suit on the bond is necessary. The bail can no more go behind the jndg· ment, or attack it, by affidavit of illegality, after it is duly entered up against both, than can the principal.

Judgment affirmed.