## WILLIS *et al. vs.* BIVINS.

1. Where a counter-affidavit was filed to a distress warrant, the sureties on the bond given, in obligating themselves to pay "the eventual condemnation money," bound themselves to pay whatever amount might be found against their principal by the jury, upon the trial of the issue made by the counter-affidavit, and, in order to bind them, the issue should have been submitted to the jury.   Where a judgment was entered against the defendant by the presiding judge, without the verdict of a jury, in pursuance of an arrangement entered into between the plaintiff and defendant, without the knowledge or consent of the sureties, and several years elapsed without further action, the court should not, on application of the plaintiff, have entered a judgment *nunc pro tunc* against the defendant's sureties.

2. There was no mistake in the judgment as originally entered, but it seems to be in accordance with the understanding between the parties thereto, and the plaintiff was not entitled to have it amended or to have another and fuller judgment rendered at a subsequent term of the court *nunc pro tunc.*

April 27, 1886.

Principal and Surety.   Bonds.   Distress Warrant.   Practice in Superior Court.   Judgments.   Before Judge WILLIS. Taylor Superior Court.    August Term, 1885.

On January 27, 1879, Bivins sued out a distress warrant against Walker for $456.24.   It was levied, and the defendant filed a counter-affidavit, denying indebtedness, and

gave a replevy bond with Willis and Lockett as sureties. At the April term, 1880, of court, the following judgment was rendered :

"JAS. H. BIVINS   ⎫
        *vs*.          ⎬ Distress warrant and affidavit of illegality.
RICHARD WALKER. ⎭

"The parties in this case appeared in open court and announced that a compromise and settlement had been made between them, and the liability of Richard Walker to the plaintiff, Jas. H. Bivins, had been fixed at the sum of two hundred and twenty-four dollars and thirty-two cents, with interest from October 8th, 1879. Whereupon it is considered and adjudged by the court, the parties consenting thereto, that said execution do proceed only as to the sum of two hundred and twenty-four $\frac{32}{100}$ dollars, principal, and seven dollars and fifty cents, interest to April 5th, 1880 ; and when said sums shall have been made on said warrant, that the same shall be held to be satisfied in full as the principal amount thereof. It is further adjudged that the plaintiff do recover of the defendant the sum of —— dollars cost in this behalf laid out and expended. This April 6th, 1880."

The plaintiff then brought suit on the bond against the sureties. What became of this case does not appear from the record. It was stated in the argument before the Supreme Court that it was dismissed.

The plaintiff then moved to enter judgment *nunc pro tunc* against the sureties on the replevy bond. They objected, and for cause against said motion set up the following defences :

(1.) Because the judgment rendered showed on its face that it was against Walker alone, and not against the sureties, and was not so intended to be.

(2.) Because the judgment entered was a consent judgment against Walker alone, and on the understanding that the sureties were discharged.

(3.) Because the liability of the sureties could be fixed only by the verdict of the jury ; but the judgment sought to be amended was a compromise judgment, without the intervention of a jury, under an agreement between Walker and the plaintiff.

(4.) Because the entire property levied on and replevied

went into the hands of the plaintiff, part of it without a sale, and he accepted it in discharge of the liabilities of the sureties on the replevy bond.

The plaintiff testified that Walker claimed a set-off against the amount of the distress warrant, which he agreed to allow; that the attorney who had been representing him was drinking, and he retained another, who entered up the judgment; that no instructions as to the form of the judgment were given; that the plaintiff was not a lawyer, and knew nothing of the necessary form; and that he did not give instructions to enter a judgment which would relieve the sureties.

One of the defendants testified that the plaintiff's attorney told him that the whole matter had been settled and he need not trouble himself further about it. The other surety knew nothing of the settlement except what the first told him. There was some other testimony, as to the possession of the property, not material here.

The jury found the issue in favor of the plaintiff, and the court ordered the judgment amended accordingly. The defendants moved for a new trial, on the following among other grounds :

(1.) Because the court erred in striking the first and third pleas of defences set out above.

(2.) Because the court permitted the plaintiff, during the last argument, to amend his motion to enter judgment *nunc pro tunc* and add to it a motion to amend and correct the judgment formerly entered, and because the court allowed the amendment to be made over the objections of the defendants.

The motion was overruled, and the defendants excepted.

W. S. WALLACE & SON, for plaintiffs in error.

C. J. THORNTON, for defendant.

HALL, Justice.

The question in this case is simple and single. Can the court, on the application of the plaintiff in a distress war·rant, to which a counter-affidavit was filed, enter judgment *nunc pro tunc* against the defendant's sureties after a lapse of several years, when the judgment was entered by the presiding judge without the verdict of a jury, in pursuance of an arrangement entered into between the plaintiff and defendant without the knowledge or consent of the sureties?

1. We are of opinion that this cannot be done, and that there was error in so deciding. The sureties obligated themselves to pay "the eventual condemnation money" (Code, §1083); that is to say, they bound themselves to pay whatever amount might be found against their principal by the jury, upon the trial of the issue made by the counter-affidavit. This statute is positive that the issue thus formed "shall be tried by a jury as provided for in the trial of claim cases." Code, *ut sup.*, and citations. There can be no alteration of the terms and conditions to which the sureties agreed, without their consent; such an altera-tion makes a different contract from that into which they entered, and is a novation which, without their consent, discharges the sureties. Code, §2153. A release or com-pounding with one surety will discharge his co-surety (*Ib.*, §2152); and *a fortiori* where the creditor releases or com-pounds with the principal, will this exonerate the sureties; indeed, any act of the creditor, either before or after judg-ment against the principal, which injures the surety or in-creases his risk, or exposes him to greater liability, will dis-charge him. *Id.*, §2154.

2. These considerations are decisive of the motion made; but were it not so, we are unable to perceive any error or omission in the judgment rendered, which entitles the plaintiff to have it amended, or to have another and fuller judgment rendered at a subsequent term of the court *nunc pro tunc*. There is no mistake in it as originally entered;

it seems to be in accordance with the understanding between the parties thereto, and it was intended to bind nobody but them; had it not been so understood by the court, he would not, withou⁺ the intervention of a jury, have awarded it. *Truett vs. The Justices*, etc., 20 *Ga.*, 102, 104; *Pitman vs. Lowe*, 24 *Id.*, 429.

Judgment reversed.