*Brock, Sparks & Russell*, for defendants.

---

## 13655. CONNALLY et al. v. MORRIS.

STEPHENS, J. A surety upon an eventual condemnation bond filed by the defendant when arresting a summary proceeding instituted under the Civil Code (1910), § 5385, to dispossess the defendant as a tenant

holding over, is bound by whatever judgment is rendered against the principal, even though the surety did not appear and plead and the judgment rendered was by the consent of the principal and not of the surety, and was for a larger sum than was recoverable. It follows, therefore, that where judgment was entered against the principal and surety upon such a bond, an affidavit of illegality filed by the surety, attacking the judgment as being illegal and void upon the ground that the judgment, which included a recovery for future rent, was for a sum beyond the plaintiff's right to recover, and that the principal's consent thereto increased the surety's risk, set up no valid and legal ground of illegality, and was properly dismissed. The principle announced in *Jackson* v. *Guilmartin*, 61 *Ga.* 544, and approved in *Price* v. *Carlton*, 121 *Ga.* 12, 23 (48 S. E. 721, 68 L. R. A. 736), although applied in the case of a surety upon a replevy bond filed by the defendant in a trover suit, is controlling in the case of a surety upon an eventual condemnation money bond filed by a tenant to arrest summary proceedings against him as a tenant holding over. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1923.

Affidavit of illegality of execution; from Oconee superior court — Judge Fortson. May 4, 1922.

*P. J. Smith, Wolver M. Smith,* for plaintiffs in error.

*John J. Strickland,* contra.