## 20921.   ROBERTS *v.* CROSBY *et al.*

DECIDED APRIL 20, 1931.

*Krauss & Strong,* for plaintiff.
*W. C. Little, A. A. Nathan, Henry O. Farr,* for defendants.

JENKINS, P. J.   A tenant holding over may arrest an eviction proceeding and prevent the removal of himself and his goods from the land by making the affidavit prescribed by the Civil Code (1910), § 5387, and giving bond as provided therein, payable to the landlord, for the eventual condemnation money.   The code (§ 5388) provides, that upon the making of such affidavit and the giving of such bond the proceeding shall be returned "to the next superior court of the county where the land lies, and the fact in issue shall be there tried by a special jury as in cases of appeal;" and (§ 3550) that upon the entering of judgment against the

principal it shall be lawful to sign up judgment against the surety on the condemnation-money bond at the same time without necessity for bringing suit thereon.

It is the general rule that the contract of a surety is one of strict law, and his liability will not be extended by implication or interpretation. Civil Code (1910), § 3540; *Little Rock Furniture Co. v. Jones,* 13 *Ga. App.* 502 (79 S. E. 375). Accordingly, in an eviction proceeding, where the issues made by the pleadings were not tried but a judgment was entered against the defendant alone upon the material issues made by the pleadings, by virtue of an agreement made between the plaintiff and the defendant, to which the surety on the bond was not a party, it was held that such a consent procedure amounts to a novation as to the terms of the surety's liability, such as would work a discharge in his favor, and that the judgment against the principal could not thereafter be amended and enlarged nunc pro tunc so as to include the surety. *Willis* v. *Bivins,* 76 *Ga.* 745.

The judgment in the instant case was not a consent judgment, but the issues raised by the pleadings were submitted by consent to the judge, sitting without a jury. Upon his findings of fact upon the issues thus submitted judgment was entered against both the defendant and his surety on the condemnation-money bond. It is, therefore, not a proceeding to amend the judgment so as to include the surety not embraced therein, as was true in the *Willis* case, supra; but the effort here is to attack the judgment against the surety by affidavit of illegality. It is the general rule that "the bail or security takes the fortunes of his principal, and is bound equally with him by the judgment in the main action. No suit on the bond is necessary. The bail can no more go behind the judgment, or attack it, by affidavit of illegality, after it is duly entered up against both, than can the principal." *Jackson* v. *Guilmartin,* 61 *Ga.* 544, 545. In the case just quoted from, the surety on the condemnation-money bond sought to attack the judgment against him, assigning as one of his reasons that "the verdict was taken by consent of the principal;" and the Supreme Court held that the surety was concluded by the judgment. See also *Connally* v. *Morris,* 29 *Ga. App.* 752 (116 S. E. 338). Accordingly, the judge erred in not dismissing the affidavit of illegality, on demurrer. *Judgment reversed. Stephens and Bell, JJ., concur.*