22215.   TALIAFERRO *et al.* v. FARKAS *et al.*

JENKINS, P. J.  1. Where the defendant in a trover action executes a replevy bond for the property, it is the general rule that "the bail or security takes the fortunes of his principal, and is bound equally with him by the judgment in the main action. No suit on the bond is necessary. The bail can no more go behind the judgment or attack it, by affidavit of illegality, after it is duly entered up against both, than can the principal." *Jackson* v. *Guilmartin,* 61 *Ga.* 544, 545; *Roberts* v. *Crosby,* 43 *Ga. App.* 267, 268 (158 S. E. 444) ; *Holmes* v. *Langston,* 110 *Ga.* 861 (3) (36 S. E. 251) ; *Connally* v. *Morris,* 29 *Ga. App.* 752 (116 S. E. 338) ; *Morse* v. *Turner,* 20 *Ga. App.* 108, 110 (92 S. E. 767). After judgment against his principal, the surety can not "raise any question which could have been raised by the principal before judgment." *Waldrop* v. *Wolff,* 114 *Ga.* 610 (7), 620 (40 S. E. 830). Accordingly, after judgment had been entered in a trover suit against the principal and surety on the condemnation-money bond given by the principal, the defendant in the trover action, the principal on the bond, could not, by affidavit

of illegality, question the validity or sufficiency of the bond; and since the principal could not do so, neither can the surety.

2. Where a judgment was issued in favor of the "plaintiff" and against the defendant and the surety on his bond executed in a trover suit, an affidavit of illegality, filed by the surety after levy upon his property, which set forth that the execution issued on the judgment was proceeding illegally because it did not follow the judgment, in that it was proceeding in the name of a specified plaintiff, but which did not set forth the name of the "plaintiff" as it appeared in the suit in which the judgment was rendered, set forth a mere conclusion, in so far as it sought to attack the execution because it failed to follow the judgment. Moreover, under the ruling in *Fitzgerald* v. *Granitoid Co.* v. *Alpha Portland Cement Co.*, 15 *Ga. App.* 174, 178 (82 S. E. 774), in passing upon the motion to dismiss the affidavit of illegality, the court could take judicial notice of the contents of the judgment as rendered and of the pleadings in the case in which the judgment was rendered, and it appears from the record transmitted to this court that the execution did in fact follow the judgment, in that the "plaintiff" in whose favor the judgment was rendered consisted of the persons in whose favor as plaintiff the execution was issued.

3. While the affidavit of illegality avers that the affiant had not been served with process, and had not had his day in court, it affirmatively appears therefrom that he had become surety on the replevy bond executed by the defendant in the trover suit in which the judgment was rendered. Consequently, he was bound by the judgment against his principal.

4. Under the foregoing rulings, the court did not err in dismissing the affidavit of illegality, on motion.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 8, 1932.

*W. I. Geer,* for plaintiffs in error.
*Pottle, Farkas & Cobb,* contra.