## 25454. FORD v. ESKRIDGE.

DECIDED JUNE 9, 1936.

*R. B. Pullen,* for plaintiff in error.

JENKINS, P. J. ■ "During the term of court at which a judgment is rendered the court has power, on its own motion, to vacate the same for irregularity, or because it was improvidently or inadvertently entered. The court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify,.or supplement them for cause appearing, or may, to promote justice, vacate them as may in its discretion seem necessary; and the exercise of his discretion by the trial judge in reinstating a case dismissed for want of prosecution will not, unless flagrantly abused, be disturbed. The order of reinstatement is evidence of the improper dismissal of the case and the propriety for its reinstatement." The court has authority to pass such an order "without any formal motion being made by the plaintiff for the reinstatement of the case, and without notice to the defendants or their counsel." *Athens Apartment Cor.* v. *Hill,* 156 *Ga.* 437, 443 (119 S. E. 631).

■ "It shall be lawful to·enter judgment against principal and sureties at the same time, as in cases of appeal, in all cases in law or equitable proceedings when a bond has been given by the losing party conditioned to pay the eventual condemnation money in said action, and it shall not be necessary to bring suit upon said bond." Code of 1933, § 103-209. Such a "bail or security takes the fortunes of his principal, and is bound equally with him by the judgment in the main' action. . . The bail can no more go behind the judgment, or attack it, by affidavit of illegality, after it is duly entered against both, than can the principal." *Jackson* v. *Guilmartin,* 61 *Ga.* 544. The liability of sureties is absolutely fixed by the judgment against their principal, and they must stand or fall by the result of his defense, such being the express undertaking in the bond. If judgment has been rendered against him by a court of competent jurisdiction, they are absolutely bound by it, and will not be heard to impeach or attack it in any way for causes which were or could have been matter of defense by their principal. "After becoming sureties on the bond they must remain silent wit-·nesses to the conflict between the parties to the suit, standing ready to fulfill at the end of the litigation the obligation they have undertaken." *Holmes* v. *Langston,* 110 *Ga.* 861, 869 (36 S. E. 251); *Price* v. *Carlton,* 121 *Ga.* 12 (3), 23 (48 S. E. 721); *Taliaferro* v. *Farkas,* 46 *Ga. App.* 9 (166 S. E. 426). Where a tenant arrests

an eviction proceeding, under the Code, §§ 61-301, 61-302, 61-303, by giving a bond payable to the landlord, conditioned "for the payment of such sum, with costs, as may be recovered against him [the defendant principal] on the trial of said case," the statute and legal rules controlling condemnation money bonds are applicable, with the result that a surety on the bond is "bound by whatever judgment is rendered against the principal, even though the surety did not appear and plead, and the judgment rendered was by consent of the principal and not of the surety." *Connally* v. *Morris*, 29 *Ga. App.* 752 (116 S. E. 338). Although it is the rule that "there can be no alteration of the terms and conditions to which the sureties agreed, without their consent," and a surety is not bound by a judgment rendered without the verdict of a jury, merely by consent of the defendant principal and without the knowledge or consent of the sureties (*Willis* v. *Bivins,* 76 *Ga.* 745, 748), "the surety on the . . bond in an eviction proceeding can not by affidavit of illegality go behind the judgment against the defendant and the surety, on the ground that the issues raised by the defendant's counter-affidavit were not passed upon by a jury, but by consent were submitted to the judge to be passed upon by him without a jury." *Roberts* v. *Crosby,* 43 *Ga. App.* 267, 268 (158 S. E. 444).

■ Applying the foregoing principles, the instant surety on the bond in the eviction proceeding was not entitled on motion to have set aside the judgment rendered against the defendant principal and himself, after a trial and hearing of evidence, upon the grounds that, when the case was set for trial at the March term of the court, on March 4, 1935, and no response was made for the plaintiff on the call of the calendar, an order of dismissal for want of prosecution was entered; that on March 21, 1935, the case was reinstated by an order made with the consent of the plaintiff and defendant but without knowledge of the movant surety; that the order of dismissal ended the proceedings as to himself and his liability as surety on the bond; and that he could not be held liable under any further order or judgment in the case. The order of reinstatement, made during the same term of court, recited that it was entered not only "by agreement of counsel for plaintiff and defendant," but *"for sufficient cause shown."* The judge having authority, within the limits of a sound discretion, to vacate judg-

ments during the term without notice to any one, and the reinstatement, under the decision in the *Hill* case, supra, and the express recital as to "sufficient cause," being presumptively proper; the surety, after such a proper reinstatement, was bound for the eventual condemnation-money, as it might lawfully be determined under the evidence at the trial, and he could not properly attack the final judgment merely for the reason that the order of reinstatement was consented to by the defendant, and that he, the surety, had no notice thereof. Therefore the trial judge of the municipal court did not err in denying the motion of the surety, and the appellate division properly affirmed the judgment.

> *Judgment affirmed. Stephens and Sutton, JJ., concur.*