### 35843. FLEGAL *et al. v.* LOVELESS.

FELTON, C. J. 1. Where an attachment proceeding is instituted against a nonresident and the defendant executes a replevy bond under Code § 8-701, the sureties on the bond are bound by the judgment of the court overruling a motion of the defendant, unexcepted to, to dismiss the attachment on the ground that it conclusively appeared on the face

of the attachment that there was no fact alleged therein which would entitle the plaintiff to the remedy of attachment under the laws of the State of Georgia. (The body of the affidavit contained no ground of attachment.) The sureties are also bound by the rulings of the court allowing amendments to the attachment affidavit and bond, which amendments corrected jurisdictional and other defects in the attachment affidavit and bond, the rulings allowing such amendments being unexcepted to. *Ford* v. *Eskridge,* 53 *Ga. App.* 466 (186 S. E. 204) and cases cited. Especially is this true where the defendant pleaded the merits and participated in the trial of the case. See also *Penn & Watson* v. *McGhee,* 6 *Ga. App.* 631 (65 S. E. 686).

2. Where the replevy bond executed by the sureties recited that the property levied on was levied on as the property of the defendant, the sureties are estopped to deny a valid levy. *Weeks* v. *Reliance Fertilizer Co.,* 23 *Ga. App.* 128 (1) (97 S. E. 664) and cases cited. Furthermore, the defect in the levy in that it failed to state that the property was levied on as the property of the defendant was amendable and the defect was not a ground for arresting the judgment. *McDonald* v. *Kimball Co., Inc.,* 144 *Ga.* 105 (86 S. E. 234).

The court did not err in denying the motion in arrest of judgment made by the sureties on the replevy bond.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED NOVEMBER 15, 1955.

*Frank M. Gleason,* for plaintiff in error.
*W. A. McClure, Wade Leonard,* contra.