38504.   SARGEANT v. STARR.

DECIDED SEPTEMBER 27, 1960.

*Walter E. Baker, Jr., William E. Bush,* for plaintiff in error. *McCready Johnston,* contra.

BELL, Judge. ■ The theory of the motion to dismiss this appeal made by the defendant in error is that the plaintiff in error has never served the bill of exceptions on the defendant in error or his counsel, and further that the alleged bill of exceptions was certified by the trial judge on July 6, 1960, and no service was thereafter made on the defendant in error or his counsel as, it is contended, *Code Ann.* § 6-911 requires. *Code Ann.* § 6-911 (1) provides as follows: "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney; and, if there shall be several parties with different attorneys, upon each, with a return of such service (or acknowledgement of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served. Where there is no acknowledgment or waiver of service, the return of such service may be either in the form of an affidavit or by an unverified certification of one of counsel for plaintiff in error showing service, indorsed upon or annexed to the bill of exceptions or cross-bill."

The defendant in error asserts that unless the bill of exceptions is served on opposing counsel within 10 days *after* certification by the judge, the appeal is dismissable. It is true, of course, under numerous decisions of the Supreme Court and this court, where no service of the bill of exceptions has been made on the opposite party, that the appellate courts have no jurisdiction to entertain the appeal. However, it is not essential that

the bill of exceptions be served upon the opposite party *after* certification. This is true because of the provisions of *Code* § 6-912, which specify in part, "Where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing shall be done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him." Under this statute an acknowledgment of service of a bill of exceptions operates as a waiver of all defects in the service which counsel may waive and which are not specifically stated therein. In *Tillman v. Gibson*, 44 Ga. App. 440 (161 S. E. 630), the bill of exceptions was certified on January 3. There it is shown that service was acknowledged on January 23 and that in the acknowledgment the right to move to dismiss the writ of error "for want of proper service as required by law is reserved." This reservation was held insufficient to prevent the acknowledgment from operating as a waiver of all defects in the service, since it did not point out any particular defect. Ibid, p. 442. As we understand *Code* § 6-912, there need be no words of waiver in the acknowledgment of service of the bill of exceptions, since the statute provides that an acknowledgment of service of the bill of exceptions "shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive. . ."

In the present case the acknowledgment of service signed five days before the certification of the bill of exceptions by the trial judge states: "Acknowledgment of service. Service of the within and foregoing bill of exceptions is hereby acknowledged. Copy received. This 1 day of July, 1960." This is signed by the counsel for the defendant in error, who has now made the motion to dismiss the appeal. The Supreme Court, in the recent case of *Carnes v. Pittman*, 209 Ga. 639(1) (74 S. E. 2d 852), had before it an acknowledgment of service of a bill of exceptions which was almost identical in wording to the one in the present case. There, the bill of exceptions was served on the counsel on

the same day the judge certified the bill of exceptions. The court cited and quoted *Code* § 6-912, and held that since the defendant in error did not specifically state under this statute that his acknowledgment of service was not to be construed as waiving the time within which the acknowledgment should be made, *it is immaterial under this Code section whether the defendant in error signed his acknowledgment of service before or after the certification of the writ of error by the trial judge.* The Supreme Court cited numerous cases, one of which was *Bush v. Smith,* 77 Ga. App. 329 (48 S. E. 2d 582), in which this court held that counsel for a party may acknowledge service and waive all defects in the service of the bill of exceptions before it is certified by the trial judge, but unless such acknowledgment and waiver are made, the bill of exceptions must be served after it has been certified by the judge. Ibid, p. 330. "That the plaintiff acknowledged service of the bill of exceptions five days prior to the certification by the trial judge, is no ground for dismissing the bill of exceptions for want of service, where the absence of the certification of the trial court is not specifically pointed out in the acknowledgment of service." *James v. Hill,* 90 Ga. App. 734 (2) (84 S. E. 2d 92). The effect of the interplay between *Code* §§ 6-911 and 6-912, as we construe them, is that if there has been no prior service of the bill of exceptions on the opposing counsel before certification by the trial judge, then the bill of exceptions must be served upon the opposite party within ten days after the bill has been signed and certified. However, under *Code* § 6-912, counsel may acknowledge service of a bill of exceptions before it has been certified by the judge, and a mere acknowledgment of service of the bill of exceptions shall be held to be a complete waiver of all defects in the service which counsel signing is legally competent to waive unless the counsel in the entry of acknowledgment "shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him."

The defendant in error, in support of his motion to dismiss the appeal, has cited several cases. None of these cases are controlling with respect to the point before us. One, the case of *Henry v. Gillis,* 204 Ga. 397 (50 S. E. 2d 73), is not applicable

since the notice there involved was interpreted by the Supreme Court as a notice under *Code Ann.* § 6-908.1 of intention to present a bill of exceptions to the judge for approval. The Supreme Court stated that a waiver under *Code Ann.* § 6-908.1 has no relation to *Code Ann.* § 6-911. In that case there was no service of the bill of exceptions as there was in the present case.

Another case cited by the defendant in error is *Salvation Army v. Eleventh Hour Service, Inc.,* 77 Ga. App. 196 (47 S. E. 2d 893). Here also there was no acknowledgment of service of the bill of exceptions. In *Barbaree v. Coffin,* 212 Ga. 370 (92 S. E. 2d 860), the acknowledgment of service by the attorney for the defendant in error recognized that he had been served with a copy of the bill of exceptions and then went on expressly to waive the privilege and opportunity to be heard on the question of whether the bill of exceptions was correct and complete. The Supreme Court said this amounted only to a waiver of the provisions of *Code Ann.* § 6-908.1 on the opportunity to be heard on the matters covered under that Code section regarding the correctness and completeness of the bill of exceptions.

The case of *Mauldin v. Mauldin,* 203 Ga. 123 (45 S. E. 2d 818), the last cited by defendant in error, is a case in which there was no entry of service or acknowledgment of service on the bill of exceptions, and thus materially differs from the situation here.

Consequently, the acknowledgment of service signed by counsel in this case before the certification of the bill of exceptions, which acknowledgment did not precisely state that it was not to be construed as a waiver of any defect specifically pointed out, is a sufficient service of the bill of exceptions, and the motion to dismiss the appeal has no merit.

■ Having dispensed with the technicalities, we turn now to the merits of the case. The surety on the dispossessory warrant bond filed a motion to vacate the judgment rendered on July 2, 1959, against the defendant and the surety, on the grounds that the surety had in no wise "consented to or agreed to the alleged settlement or alleged consent judgment as between plaintiff and defendant principal . . . that he had no notice of same; and that, therefore, said agreement and consent empowered [sic]

his obligation as surety on said bond and released his obligation." This contention is without merit. It is well settled, beginning with *Jackson v. Guilmartin & Co.*, 61 Ga. 544, that the surety is bound by the judgment entered against the principal on the bond. And this is so where the judgment rendered was with the consent of the principal. *Connally v. Morris*, 29 Ga. App. 752 (116 S. E. 338); *Price v. Carlton*, 121 Ga. 12 (48 S. E. 721). "Such a 'bail or security takes the fortunes of his principal, and is bound equally with him by the judgment in the main action . . . The bail can no more go behind the judgment, or attack it, by affidavit of illegality, after it is duly entered against both, than can the principal.'" *Ford v. Eskridge*, 53 Ga. App. 466, 467 (186 S. E. 204). See also *Flegal v. Loveless*, 93 Ga. App. 41(1) (90 S. E. 2d 606). Thus, the trial court erred in vacating the judgment on motion of the surety.

■ The other motion to vacate the judgment below was filed on November 10, 1959, to set aside the judgment rendered by the trial court on July 2, 1959. This motion was made by the defendant principal in the case below on the grounds "1. That on the 12th day of May, 1959, plaintiff and defendant through their counsel tentatively agreed to a settlement in the above styled case. 2. That it now appears that the terms of the settlement were misunderstood by counsel." It is to be noted that this motion was filed to vacate a judgment entered during a prior term of the court. It is well established that the trial court cannot, after the term at which a judgment or order is entered, set aside, alter, amend, or revoke its final judgment or order except for defects appearing on the face of the record. See *American Mutual Liability Ins. Co. v. Satterfield*, 88 Ga. App. 395 (2) (76 S. E. 2d 730), and cases there cited. The only exception to this rule is where there is a motion or petition to set aside or arrest the judgment filed at the term at which the judgment or order was rendered, and regularly continued to a succeeding term. Ibid., p. 398. This exception is not applicable here. The grounds assigned in the defendant's motion to set aside the judgment do not constitute an exception to this rule, and since the motion to vacate the judgment was made at a subsequent term of court, the trial court erred in setting aside the judgment.

The judgment is reversed, with direction to the trial court to reinstate the judgment of July 2, 1959.

*Reversed with direction. Felton, C. J., and Nichols, J., concur.*