## 24585. HERRINGTON v. CITY OF ATLANTA.

GRICE, Justice. This is an equitable action in which both the appellant and the appellee claimed title and sought a decree of title. Both the petitioner and the defendant sought to cancel certain deeds but did not make the grantors therein parties. In addition the petitioner sought injunctive relief and alleged and showed title, ownership and possession by reason of purchase from a neighborhood corporation by warranty deed which had title to the land pursuant to a land registration proceeding which had been granted as a result of a finding of title by possession for a period of seven years under a claim of right which was public, continuous, exclusive, uninterrupted and peaceable under color of title. The defendant denied these allegations and sought title by reason of purchase. The case came on for trial without the intervention of a jury upon waiver of counsel, and the court held that title vested in the petitioner and ordered certain quitclaim deeds conveying the property to the defendant delivered up and canceled as clouds on the petitioner's title. *Held:*

1. Counsel for both parties by brief in this court have expressly requested us to ignore the cancellation portion of the decree inasmuch as the court decreed title to the petitioner, and the

appellant seeks a reversal of this judgment. The issue as thus made in the lower court was title to the property as between the parties, and the cancellation is only incidentally involved, as a finding thereon would not vitiate the decree if it is otherwise regular and proper. *Huxford v. Southern Pine Co.,* 124 Ga. 181 (5) (52 SE 439); *Bunger v. Grimm,* 142 Ga. 448 (8) (83 SE 200, AC 1916C 173).

2. The alleged irregularities and errors in the land registration proceeding would not render that decree void since it does not oust the court's jurisdiction of the parties or the subject matter. Further, since that judgment is not void on its face it can not be collaterally attacked in this case. *Weathers v. McFarland,* 97 Ga. 266 (22 SE 988); *Mitchell v. Arnall,* 203 Ga. 384 (47 SE2d 258); *Byrd v. Riggs,* 209 Ga. 930 (76 SE2d 774); *Allen v. Withrow,* 215 Ga. 388 (110 SE2d 663), and cases cited therein.

3. There was no showing that any muniment of title was fraudulent in any degree; hence it cannot be said that the claimant thereunder had any knowledge the same was fraudulent. *Code* § 85-407.

4. Further, the deed by the trustees of its predecessor in title in 1948 constituted color of title, and the evidence discloses possession by "any use and occupation" extending to all the contiguous property embraced therein for more than seven years which was public, continuous, and exclusive to prevent actual occupation by others, uninterrupted and peaceable, and so notorious as to attract the attention of any adverse claimant, and was accompanied by a claim of right—thereby ripening into a good prescriptive title even if we conceded the land registration to be void. *Code* §§ 85-403, 85-404, 85-407; *Danielly v. Lowe,* 161 Ga. 279 (3) (130 SE 687); *Terrell v. McLean,* 130 Ga. 633, 637 (61 SE 485).

5. The constitutional attacks are made for the first time by brief in this court and can not be considered. Nor is there any showing that the rights of any individual guaranteed by the Constitutions have been violated.

6. The evidence supports the judgment, and none of the enumerations of error is meritorious, the court being the trior of the facts as well as of the law.

*Judgment affirmed. All the Justices concur.*

Argued May 15, 1968—Decided June 20, 1968—
Rehearing denied July 16, 1968.

*Herbert Johnson,* for appellant.
*Grant, Spears & Duckworth, William G. Grant,* for appellee.