44073. RESOLUTE INSURANCE COMPANY v. BRAYTON et al.

Argued November 7, 1968—Decided March 3, 1969— Rehearing denied March 18, 1969.

*Ansley & Jewett, C. Lawrence Jewett,* for appellant.

*Herbert O. Edwards,* for appellees.

FELTON, Chief Judge. 1. In such a case the surety is absolutely bound by the judgment rendered against the principal and will not be heard to impeach or attack it in any way for causes which were or could have been a matter of defense by its principal. *Ford v. Eskridge,* 53 Ga. App. 466 (2) (186 SE 204), and cases cited. In this case the defendant tenant could have attacked the verdict as being inconsistent but abandoned his motion for a new trial.

2. "Issues formed by counter-affidavits filed to a distress warrant and to a proceeding to dispossess a tenant holding over respectively, are separate cases, and should not be tried together; but if a party consents that this be done, he cannot except thereto." *Mitchell v. White,* 74 Ga. 327.

3. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." *Code* § 110-105.

4. If it could be said that a surety may seek redress from a

void judgment the construction of the two verdicts in this case is that the jury mistakenly inserted the finding for rent due under the distress warrant in the verdict in the other case and left it out of the distress warrant verdict. It is quite evident that the jury did not intend to find in favor of the defendant in the distress warrant case for the reason that the verdict was for eviction which was based on the nonpayment of rent and a holding over. If the jury had also found against the defendant in the distress warrant case as well as for stipulated rent due, found in the dispossessory warrant case, the verdicts would have shown a double recovery for past due rent. As for the loss of the right to subrogation in the distress warrant case that was not an issue in either of the cases, and, since there was no forthcoming bond given, the matter of the improper surrender of the property levied on was between the defendant and the sheriff and if the question could possibly be injected in such a case as this the sheriff would have to be made a party. In authority above cited these two kinds of cases should not be tried together and when parties agree on their being consolidated for trial, in the absence of fraud or collusion the parties must take the consequences of such a trial, especially in such a case as this where the intent of the two verdicts is so plain.

The court did not err in overruling the surety's motion to vacate the judgment against it.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*