*Robert Edward Surles,* for appellee.

## 44313. O'LEARY v. SMITH.

SUBMITTED MARCH 3, 1969—DECIDED MAY 9, 1969—
REHEARING DENIED JUNE 4, 1969—

*Ronald F. Adams,* for appellant.

*Zorn & Royal, William A. Zorn,* for appellee.

QUILLIAN, Judge. The Supreme Court in its opinion transferring the case sub judice to this court stated that no basis for equitable relief was alleged and this case involved the application of unquestioned and unambiguous provisions of the Constitution to a given state of facts and did not involve the

construction of some constitutional provision. Since the Supreme Court also has jurisdiction, "in all questions in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question" (Art. VI, Sec. II, Par. IV of the Georgia Constitution), this was a holding in effect that the appellant failed to raise any question as to the constitutionality of statutes which are controlling in this case. See *Felker v. City of Monroe,* 22 Ga. App. 301 (95 SE 1023), and *Tomlinson v. Sadler,* 99 Ga. App. 482 (1) (109 SE2d 84).

In numerous cases, it has been pointed out that, absent a valid attack upon the same, a statute is presumed to be constitutional. *Connelly v. Balkcom,* 213 Ga. 491 (1) (99 SE2d 817), and *Adams v. Ray,* 215 Ga. 656, 657 (113 SE2d 100). As stated in *Tooke v. State,* 4 Ga. App. 495 (1c) (61 SE 917), whether a statute is constitutional or not is determined by the construction placed upon it by the appellate courts. Since the provisions here involved are presumptively constitutional, we therefore consider them as construed by our courts.

*Code* § 103-209 provides: "It shall be lawful to enter judgment against principal and sureties at the same time, as in cases of appeal, in all cases in law or equitable proceedings when a bond has been given by the losing party conditioned to pay the eventual condemnation money in said action, and it shall not be necessary to bring suit upon said bond." In construing *Code* § 103-209 in conjunction with *Code* § 61-303 the Georgia courts have held: "Such a 'bail or security takes the fortunes of his principal, and is bound equally with him by the judgment in the main action. . . The bail can no more go behind the judgment, or attack it, by affidavit of illegality, after it is duly entered against both, than can the principal.' *Jackson v. Guilmartin,* 61 Ga. 544. The liability of sureties is absolutely fixed by the judgment against their principal, and they must stand or fall by the result of his defense, such being the express undertaking in the bond. If the judgment has been rendered against him by a court of competent jurisdiction, they are absolutely bound by it, and will not be heard to impeach or attack it in any way for causes which were or could have been matter of defense by their principal." *Ford v. Eskridge,* 53 Ga. App. 466, 467 (186

SE 204). See *Holmes v. Langston & Woodson,* 110 Ga. 861, 869 (36 SE 251).

As pointed out in *Roberts v. Crosby,* 43 Ga. App. 267 (158 SE 444): "Upon the entering of judgment against the principal it shall be lawful to sign up judgment against the surety on the condemnation-money bond at the same time without necessity for bringing suit thereon." See *Connally v. Morris,* 29 Ga. App. 752 (116 SE 338). In the more recent case of *Sargeant v. Starr,* 102 Ga. App. 453, 458 (116 SE2d 633), where a surety moved to set aside a judgment entered on a dispossessory warrant on the grounds that he had no notice of the same, this court held that the trial judge erred in vacating the judgment upon the motion of the surety. See *Taliaferro v. Farkas,* 46 Ga. App. 9 (3) (166 SE 426); *Jackson v. Guilmartin & Co.,* 61 Ga. 544; *Latham v. Perryman,* 77 Ga. 579; *Price v. Carlton,* 121 Ga. 12, 23 (48 SE 721, 68 LRA 736).

It is evident that under the construction given *Code* § 103-209, there is no requirement that the surety be named as a party or be served, or otherwise notified and given an opportunity to be heard. It should also be noted that in his motion to set aside the surety may make no complaint relative to the merits of the judgment which could have been raised by his principal, but must stand or fall by the result of the principal's defense. Under such circumstances, the trial judge properly overruled the motion to set aside the judgment.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*