26437.   FORD et al. v. HERBERMANN et al.

HAWES, Justice. This case was commenced as a receivership proceeding in the Superior Court of DeKalb County. A receiver was appointed. Thereafter, upon the giving by the defendant of an eventual condemnation bond conditioned to pay any judgment that might be rendered against the defendant, which bond was signed by the appellants as sureties, the receiver was discharged. The suit proceeded as a simple action on an indebtedness secured by a bill of sale to secure debt. The jury returned a verdict for the plaintiff and judgment was entered thereon against the defendant on the 24th day of September, 1970. On December 23, 1970, plaintiff filed a motion for judgment against the sureties on the eventual condemnation money bond. A rule nisi was issued thereon and the sureties filed written defenses to that motion. After a hearing on the motion a judgment was entered against the sureties in the amount of the judgment which had previously been rendered in favor of the plaintiff against the defendant. The sureties appealed.

The appellants enumerate as error the entry of the judgment on the bond against them alone and attack the constitutionality of Sec. 65 (c) of the Civil Practice Act (*Code Ann.* § 81A-165 (c)). An examination of the defensive pleadings filed to the motion for judgment against the sureties reveals that this question was not raised in the trial court and no such question was passed upon by the trial judge. This court is a court alone for the trial and correction of errors of law committed in the trial

court and it has no original jurisdiction to consider on appeal questions which were not passed upon and considered by the trial court. Accordingly, the enumeration of error respecting the constitutionality of Sec. 65 (c) of the Civil Practice Act presents nothing for this court to decide. *State Hwy. Dept. v. Kirchmeyer,* 222 Ga. 79 (148 SE2d 387); *Herrington v. City of Atlanta,* 224 Ga. 465 (5) (162 SE2d 420); *Herring v. R. L. Mathis Certified Dairy Co.,* 225 Ga. 653 (171 SE2d 124).

All issues respecting the receivership and injunction having been eliminated and there being no other equitable feature in the case, the case is not one within the jurisdiction of this court and the same must be transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*
SUBMITTED APRIL 14, 1971—DECIDED JULY 9, 1971.

*Margaret Hopkins, H. G. McBrayer, Jr., James R. Venable,* for appellants.

*M. Hardeman Blackshear, Jr., Charles Hyatt, E. T. Hendon,* for appellees.