46646.   PICKETT et al. v. CHAMBLEE
CONSTRUCTION COMPANY, INC.
46647.   PAINE v. CHAMBLEE CONSTRUCTION
COMPANY, INC. et al.

Argued October 5, 1971—Decided October 18, 1971—
Rehearing denied November 3, 1971.

*Edward S. Sams, Glenville Haldi,* for Pickett.

*Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Jerry B. Blackstock,* for Paine.

*Alex McLennan,* for appellee.

EBERHARDT, Judge. ■ It appears that the relevant information sought by the interrogatories served upon the plaintiff was obtained in the taking of depositions of plaintiff's officers, and from documentary evidence supplied. Since the order striking the interrogatories was not made until after the depositions were obtained and filed, we can see no harmful error. While the discovery procedures are to be liberally applied and made available to parties to the end that the issues may be narrowed and the time consumed in the litigation may be shortened, the trial judge does have a broad discretion in the suppression or striking of multitudinous interrogatories which he deems to be irrelevant, seeking information merely cumulative to that already obtained, or oppressive in nature. *American Oil Co. v. Manpower, Inc.,* 124 Ga. App. 79 (183 SE2d 95).

■ The contention that it was error to award summary judgment because of a failure to obtain an architect's certificate of final completion, which is made a condition precedent by terms of the contract, is without merit. The evidence authorized the finding

made by the trial judge that there had been substantial compliance with this requirement. *Albany Phosphate Co. v. Hugger Bros.,* 4 Ga. App. 771, 775 (62 SE 533).

■ We agree with the trial judge that plaintiff was entitled to interest at 7 percent per annum on $74,043.79, but from May 6, 1970, since this was the unpaid balance of an amount certified by the architect to be due on that date, up to June 5, 1970.

■ It is true that the subcontract, out of which the setoff of $20,897.78 arises, provides that the final payment is to be made 30 days after completion of the work, acceptance by the architect, and *full payment therefor by the owner,* and thus this sum would not be due and would not generally bear interest until the owners had made full settlement of the contract price. However, under the peculiar situation here, the owners and the subcontractors are one and the same and the principle of setoff is applicable. *Code* §§ 20-1301, 20-1302, 37-308. In its judgment the trial court has set off the balance owing by plaintiff to the defendants under the subcontract, thus holding that a full payment by defendants of the contract balance is not a condition precedent for doing so, and there is no cross appeal. If the defendants were entitled to set off the balance owing to them under the subcontract at the time the judgment was entered, as the trial judge found, it seems inescapable that they were entitled to do that when, on June 5, 1970, the architect certified the building to have been 100% completed— which necessarily included the work done by the subcontractors. If the balances due under both the prime contract and the subcontract were due and payable, as they were, and the owners-subcontrators were entitled to a setoff, as they were, it simply reduced their liability to $115,565.43 as of the time they were entitled to set off. We think that this occurred June 5, 1970, and that the interest should be applied only to the reduced or net amount from that date.

■ We agree with the trial judge that the counterclaim for alleged fraudulent representations claimed to have been made at the time of or prior to the making of the contract were not of a nature giving rise to a cause of action or of a claim for damages. The striking of this counterclaim was not error.

■ In the same counterclaim it is alleged that the issuance of

the garnishments based on the present action and the filing of the claim of lien were a malicious use of process. Assuming, but not deciding, that a viable claim may arise from this conduct on the part of the plaintiff, it does not afford the basis for a permissible counterclaim because the present action has not terminated and the claim has not matured. *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (2) (170 SE2d 745); *Metro Chrysler-Plymouth, Inc. v. Pearce,* 121 Ga. App. 835 (2) (175 SE2d 910).

■ We find no error in the dismissal of the third-party claims.

■ The surety on the dissolution bond is liable. The bond substitutes for the lien on the realty (*United Bonding Ins. Co. v. Good-Wynn Electrical Supply Co.,* 124 Ga. App. 545 (2) (184 SE2d 508)), and it was proper to make it a party to the judgment. We deem the situation to be analogous to that of an eventual condemnation money bond. *Code Ann.* § 67-2004. Cf. as to the surety on a replevy bond, *Jackson v. Guilmartin & Co.,* 61 Ga. 544; *Holmes v. Langston,* 110 Ga. 861 (3) (36 SE 251); *Price v. Carlton,* 121 Ga. 12 (48 SE 721); *Morse v. Turner,* 20 Ga. App. 108 (92 SE 767); *Johnston v. Sheppard,* 22 Ga. App. 206 (95 SE 743); *Connally v. Morris,* 29 Ga. App. 752 (116 SE 338); *Taliaferro v. Farkas,* 46 Ga. App. 9 (166 SE 426); *Sargeant v. Starr,* 102 Ga. App. 453 (116 SE2d 633); as to bond for dissolution of garnishment see *Roberts v. Seanor,* 46 Ga. App. 5 (166 SE 375), and as to claim bond in garnishment proceedings see *Allen v. Atlanta Furniture Co.,* 49 Ga. App. 557, 558 (176 SE 663).

■ After defendants filed their defensive pleadings the plaintiff amended, charging the defendants with bad faith and stubborn litigiousness in defending the action and sought attorney's fees from them. In the judgment entered it was provided: "This judgment shall not dispose of the expenses of the litigation and attorney's fees as claimed by plaintiff, but all issues in regard thereto shall be submitted to the jury."

Under the judgment of the trial court a setoff was allowed and the recovery is substantially less than plaintiff sought, and under that which we direct to be entered the amount of interest recovered by the plaintiff will be substantially less than under the judgment entered, and thus the attorney's fees are not recoverable. *Broyles v. Johnson,* 103 Ga. App. 102 (5) (118 SE2d 734).

Moreover, "the bad faith which would authorize a recovery of attorney's fees as expenses of litigation is the fraud or bad faith of the defendant in the transaction out of which the cause of action arose. *Twin City Lumber Co. v. Daniels,* 22 Ga. App. 578 (96 SE 437). In an action ex contractu expenses of litigation are recoverable under [*Code* § 20-1404] where it appears that the contract was entered into in bad faith or was procured by fraud, or that the defendant has been stubbornly litigious. *McKenzie v. Mitchell,* 123 Ga. 72 (51 SE 34); *Lovell v. Frankum,* 145 Ga. 106 (4) (88 SE 569)." *Bankers Health &c. Ins. Co. v. Plumer,* 67 Ga. App. 720, 725 (21 SE2d 515). "The constitutional right to be heard in the courts is granted defendants as well as plaintiffs; and a defendant will not be charged with expenses of litigation except in cases where he has acted in bad faith. This refers to 'bad faith' in the transaction out of which the cause of action arose, rather than to the motive with which the defense is being made." *Traders Ins. Co. v. Mann,* 118 Ga. 381 (6, 7) (45 SE 426). Nor can attorney's fees be recovered if the plaintiff's claim is fairly open to controversy. *Tift v. Towns,* 63 Ga. 237. Since the suit was brought to recover the sum of $136,463.21, with interest thereon, and the recovery was reduced by the trial court to $115,565.43 because of a setoff claimed by defendants, and we have reduced the amount of interest to be recovered, it can hardly be said that there was no legitimate controversy.

The record discloses that plaintiff denied the existence of any fraud in the making of the contract, and the evidence in the record does not indicate it. We can see no basis for submitting the matter of attorney's fees to a jury.

*Judgment affirmed with direction that it be amended so that it will be in accord with what we hold here. Jordan, P. J., and Hall, P. J., concur. Whitman, J., not participating because of illness.*