46613.   FORD et al. v. HERBERMANN et al.

JORDAN, Presiding Judge. This is an appeal from the judgment against the sureties on a bond. The Supreme Court transferred the case to this court. See *Ford v. Herbermann,* 227 Ga. 751 (183 SE2d 204).

The order requiring the bond is as follows: "Upon the defendant giving a forthcoming bond in the sum of $25,000 with good and sufficient security to be approved by the Clerk of the DeKalb Superior Court said receiver shall be relieved and discharged from further duties and responsibilities in said proceeding.

"It is further ordered that the plaintiff be and he is hereby restrained and enjoined from proceeding further with the foreclosure proceeding pending in the Civil Court of DeKalb County being styled J. C. Herbermann vs. Roc-Mor Drugs, Inc., Case No. 63850."

The bond includes the following language: "Now should Roc-Mor Drugs, Inc. fail to pay any judgment· rendered against it in said proceeding, then said bond shall be in full force and effect to respond to the payment of the same, otherwise said bond be null and void."

The reference in the order to "a forthcoming bond" is not an operative fact in determining the true nature of the bond actually intended and actually given. It is clear that the order, viewed in its entirety, contemplated that the defendant must provide security by bond to the plaintiff as a prerequisite for the discharge of the receiver and to prevent the plaintiff from foreclosing, and that the defendant, in purporting to meet the terms of the order, gave a condemnation money bond, which by its express terms obligated the sureties to pay any judgment against the defendant, should the defendant fail to pay any judgment. Thus, when the case had proceeded to a

final judgment against the defendant and the defendant failed to pay, the bond became summarily enforceable against the sureties as provided under *Code* § 103-209 for the amount of the judgment.

"The liability of sureties is absolutely fixed by the judgment against their principal, and they must stand or fall by the result of his defense, such being the express undertaking in the bond. If judgment has been rendered against him by a court of competent jurisdiction, they are absolutely bound by it, and will not be heard to impeach it in any way for causes which were or could have been a matter of defense by their principal. 'After becoming sureties on the bond they must remain silent witnesses to the conflict between the parties to the suit, standing ready to fulfill at the end of the litigation the obligation they have undertaken.' *Holmes v. Langston,* 110 Ga. 861, 869 (36 SE 251); *Price v. Carlton,* 121 Ga. 12 (3), 23 (48SE 721); *Taliaferro v. Farkas,* 46 Ga. App. 9 (166 SE 426)." *Ford v. Eskridge,* 53 Ga. App. 466, 467 (186 SE 204). To the same effect, involving a bond to obtain the discharge of a receiver, see *Harrell v. M. Kutz & Co.,* 22 Ga. App. 235 (95 SE 717).

The contentions of the appellants are without merit.

*Judgment affirmed. Quillian and Evans, JJ., concur.*
Argued October 6, 1971—Decided November 19, 1971.

*Margaret Hopkins, James R. Venable, H. G. McBrayer,* for appellants.

*Charles H. Hyatt, M. H. Blackshear, Jr.,* for appellees.