50426. HOUSTON GENERAL INSURANCE COMPANY v. STEIN STEEL & SUPPLY COMPANY et al.

WEBB, Judge.

Stein Steel & Supply Company filed its complaint against Inland Construction Company of Florida, Inc., Alameda Mall, Inc., and Houston General Insurance Company seeking to recover the balance due under an allegedly performed contract between Stein Steel, the materialman and supplier, and Inland, the general contractor, with respect to the construction of a shopping plaza owned by Alameda. In addition to seeking judgment for the balance due and interest and attorney fees as provided for by the contract, Stein Steel also sought the foreclosure of materialman's liens previously filed, in response to which Inland, as principal, and Houston General, as surety, had filed dissolution bonds.[1]

Extensive discovery procedures followed between Stein Steel and Inland, and on July 3, 1974, defendant Inland filed its request to plaintiff Stein Steel for production of documents. While preparing its response to

---

[1]Other parties are involved in the litigation but their participation is not here in issue.

this request, Stein Steel, on July 26, filed its request to Inland for production of documents. On August 7 Stein Steel responded to Inland's request for production, but Inland failed to respond to Stein Steel's request by August 28, the date specified for production. On September 11 counsel for Stein Steel, having received no response or communication from Inland, called Inland's counsel who stated that he could not locate his client and requested more time in which to respond. Counsel for Stein Steel agreed, and in his confirming letter to Inland's counsel stated: "This is to confirm that, without waiving any right of [Stein Steel] to ask the court for sanctions for the failure of Inland Construction Company to make timely responses, I have agreed to allow you until September 19, 1974 to locate your client(s)."

No response was made by Inland by September 19 and, in accordance with agreement between counsel for Stein Steel and Inland, Stein Steel filed its motion for sanctions against Inland on September 20 with hearing thereon scheduled for September 25. In its motion Stein Steel sought "the sanctions provided by law, including, but not exclusively, attorneys fees and default judgment. § 81A-134 and § 81A-137 (d), Ga. Code Ann."

On September 25 the hearing was continued until October 9, and at that continued hearing Houston General appeared and filed, inter alia, its own response to Stein Steel's request for production addressed to Inland. This response stated that the requested documents could be inspected and copied at the offices of Houston General's counsel. Inland never filed any response, and at the hearing Inland's counsel reiterated that he was unable to respond to Stein Steel's request for production because he had lost contact with his client.

On November 1 the trial court granted Stein Steel's motion for sanctions by striking the answer, counterclaim, and all other pleadings of Inland and entering default judgment against it in the amount sued for plus interest and attorney fees. On November 20 the trial court entered a nunc pro tunc order on its own motion, reciting that Houston General was the surety on the dissolution bonds with respect to Stein Steel's liens, "upon which [Stein Steel's] contract action herein is

based, and that by reason thereof and the judgment of November 1, 1974, defendant Houston General . . . is liable on said bonds for its principal, defendant Inland . . ., in the full amount of said judgment, this court thus concludes that the judgment herein should be equally effective against defendant Houston General." The order concluded: "Therefore, while said judgment of November 1, 1974, is still within the breast of the Court and during the same term of Court; it is ordered and adjudged that the aforesaid judgment of November 1, 1974 is revised, corrected, altered, modified and amended so that the full amount of said judgment of November 1, 1974, is equally effective against defendant Houston General . . . by reason of said dissolution bonds. Nunc pro tunc."

Houston General appeals from both orders. *Held:*

1. An order imposing the sanctions of dismissing defensive pleadings and rendering default judgment for failure to make discovery may be applied by the court without first ordering compliance (*Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522 (1) (203 SE2d 766)), and once the motion for sanctions has been filed, the opposite party may not preclude their imposition by making belated response at the hearing. *Morton v. Retail Credit Co.,* 124 Ga. App. 728 (185 SE2d 777) (cert. den.).

2. " 'Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act.' *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622)." *Morton v. Retail Credit Co.,* 124 Ga. App. 728, supra. Accord, *Dean v. Gainesville Stone Co.,* 120 Ga. App. 315 (170 SE2d 348); *Elberton-Elbert County Hospital Authority v. Watson,* 121 Ga. App. 550, 552 (3) (174 SE2d 470).

3. In its order of November 1, the trial court found "that under all the circumstances defendant Inland's conduct herein evidences a conscious indifference to, and intentional disregard and violation of plaintiff's rights and amounts to wilful misconduct. The court finds that this case is controlled by the principles enunciated in

*Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522."

The trial court was amply authorized to find that the failure of Inland to maintain contact with its counsel about the pending litigation was wilful misconduct, and no abuse of discretion appears in imposing the sanctions. *Smith v. Byess,* 127 Ga. App. 39, 40 (1) (192 SE2d 552); *Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522, 523 (3), supra.

4. "Where a discharge or dissolution bond has been posted by the owner to relieve his property of a claim of lien by one who improved it, a judgment against the principal in an action to foreclose the lien is conclusive against the surety and it is proper to include the surety on the bond in entering judgment." *Pickett v. Chamblee Const. Co.,* 124 Ga. App. 769 (8) (186 SE2d 123). As stated in the body of that opinion: "The surety on the dissolution bond is liable. The bond substitutes for the lien on the realty (*United Bonding Ins. Co. v. Good-Wynn Electrical Supply Co.,* 124 Ga. App. 545 (2) (184 SE2d 508)), and it was proper to make it a party to the judgment. We deem the situation to be analogous to that of an eventual condemnation money bond. Code Ann. § 67-2004. Cf. as to the surety on a replevy bond, *Jackson v. Guilmartin & Co.,* 61 Ga. 544; *Holmes v. Langston,* 110 Ga. 861 (3) (36 SE 251); *Price v. Carlton,* 121 Ga. 12 (48 SE 721); *Morse v. Turner,* 20 Ga. App. 108 (92 SE 767); *Johnston v. Sheppard,* 22 Ga. App. 206 (95 SE 743); *Connally v. Morris,* 29 Ga. App. 752 (116 SE 338); *Taliaferro v. Farkas,* 46 Ga. App. 9 (166 SE 426); *Sargeant v. Starr,* 102 Ga. App. 453 (116 SE2d 633); as to bond for dissolution of garnishment see *Roberts v. Seanor,* 46 Ga. App. 5 (166 SE 375), and as to claim bond in garnishment proceedings see *Allen v. Atlanta Furniture Co.,* 49 Ga. App. 557, 558 (176 SE 663)."

"The surety on the dispossessory warrant bond filed a motion to vacate the judgment rendered on July 2, 1959, against the defendant and the surety, on the grounds that the surety had in no wise 'consented to or agreed to the alleged settlement or alleged consent judgment as between plaintiff and defendant principal . . . that he had no notice of same; and that, therefore, said agreement and

consent empowered [sic] his obligation as surety on said bond and released his obligation.' This contention is without merit. It is well settled, beginning with *Jackson v. Guilmartin & Co.,* 61 Ga. 544, that the surety is bound by the judgment entered against the principal on the bond. And this is so where the judgment rendered was with the consent of the principal. *Connally v. Morris,* 29 Ga. App. 752 (116 SE 338); *Price v. Carlton,* 121 Ga. 12 (48 SE 721). 'Such a "bail or security takes the fortunes of his principal, and is bound equally with him by the judgment in the main action . . . The bail can no more go behind the judgment, or attack it, by affidavit of illegality, after it is duly entered against both, than can the principal." ' *Ford v. Eskridge,* 53 Ga. App. 466, 467 (188 SE 204). See also *Flegal v. Loveless,* 93 Ga. App. 41 (1) (90 SE2d 606)." *Sargeant v. Starr,* 102 Ga. App. 453, 458 (116 SE2d 633).

"A surety upon an eventual condemnation bond filed by the defendant when arresting a summary proceeding instituted under the Civil Code (1910), § 5385, to dispossess the defendant as a tenant holding over, is bound by whatever judgment is rendered against the principal, even though the surety did not appear and plead and the judgment rendered was by the consent of the principal and not of the surety, and was for a larger sum than was recoverable." *Connally v. Morris,* 29 Ga. App. 752 (116 SE 338).

"Under the construction our courts have placed on Code § 103-209, in conjunction with Code § 61-303, a surety takes the fortunes of his principal; upon judgment being entered against the principal it is lawful to enter judgment against the surety at the same time without the necessity of bringing suit. In such instance, the surety can not complain of lack of notice or opportunity of being heard prior to that judgment." *O'Leary v. Smith,* 119 Ga. App. 762 (168 SE2d 886) (cert. den.).

*Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434 (2) (184 SE2d 31), relied upon by Houston General, is not applicable here since the instrument there guaranteed "the prompt payment when due of every claim of the [creditor] which may hereafter arise against [the debtor]." Judge Eberhardt spoke for this court in both *Escambia* and *Pickett,* supra, with only a month

intervening between the two opinions; and in *Escambia,* which held the judgment against the debtor not conclusive against the surety or guarantor, the instrument under consideration was distinguished from "procedural or eventual condemnation-money bonds, as in cases of attachment, bail trover, distress and dispossessory warrant proceedings, etc." *Escambia,* supra, p. 438, n. 1. In *Pickett,* supra, decided a month later, we held that a dissolution bond given to discharge a lien against real property is analogous to an eventual condemnation money bond, so that the judgment against the principal is conclusive against the surety who may properly be made a party to the judgment although not a party to the action.

5. Since the trial court would have been authorized to enter judgment against Houston General in the order of November 1, no error appears in amending the order to hold it liable while the order was still within the breast of the court. "The superior court has the power on its own motion during the term in which an order or judgment is rendered, to revoke, alter, amend, or modify such order or judgment." *Board of Education of Hall County v. Shirley,* 227 Ga. 565, 566 (181 SE2d 826). Accord, *Vick v. Vick,* 230 Ga. 36 (195 SE2d 399).

6. The fact that Stein Steel filed an affidavit after the hearing of October 9, and one day prior to the order of November 1, does not require reversal since it is not clear that the trial court even considered it, the matter contained in the affidavit is merely cumulative, and Houston General, rather than showing harm, disclaims any harmful effect of the affidavit. It is axiomatic that error must be harmful to require reversal.

7. The judgment did not exceed the amount of the bonds, and no reversible error appears for any reason assigned.

*Judgments affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED MARCH 4, 1975 — DECIDED APRIL 11, 1975 — REHEARING DENIED APRIL 24, 1975 —

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, David M. Brown,* for appellant.

*Nagle, Johnston & Freeman, Richard C. Freeman, III, H. G. Snipes,* for appellees.